## POOL v. MOTTER et al.

No. 3393.   Decided November 25, 1919.   (185 Pac. 714.)

1. VENDOR AND PURCHASER—RESCISSION FOR DEFAULT OF VENDORS RELIEVES PURCHASER FROM FUTURE PAYMENTS. Where defendants, vendors, agreed to make, when due, a payment to become due the United States on the land sold, and defaulted therein, and secured an extension of time for such payment, and demanded that plaintiff purchaser pay the same, plaintiff could then rescind and demand return of his money paid, and he was not required to pay vendors a sum subsequently becoming due under the purchase contract.[1]   (Page 291.)

2. CONTRACTS—RESCISSION FOR BREACH RELIEVING INJURED PARTY FROM FURTHER PERFORMANCE. Where a contract is entire, and remains executory in whole or in part, and one party commits a breach of his duty, and the other is not in default, the latter may rescind and be relieved from further performance. (Page 291.)

Appeal from District Court, Fourth District, Duchesne County; *A. B. Morgan,* Judge.

Suit by Hyrum H. Pool against Fred Motter and another.

From a judgment for plaintiff, awarding him costs only, and dismissing the complaint and cross-complaint, the plaintiff appeals.

JUDGMENT MODIFIED and AFFIRMED.

---

[1] *Obrecht* v. *Neilson Land & Water Co.,* 44 Utah, 270, 140 Pac. 117.

Appeal from Fourth District.

*C. J. Wahlquist,* of Myton, for appellant.

*Thomas W. O'Donnell,* of Vernal, for respondents.

WEBER, J.

Plaintiff appeals from a judgment in his favor, awarding him costs only, and claims he should recover $500 and interest. The facts found by the court are as follows:

"(1)   That at the time alleged in the complaint the defendants, Fred Motter and B. L. Dart, were associated together in the business of real estate brokers under the firm name of the Pioneer Realty Company, with an office at Myton, Utah.

"(2)   That on or about the 13th day of May, 1918, at Myton, Utah, the defendants agreed with plaintiff that in consideration of the sum of $1,200 they would sell to plaintiff, free from any incumbrance and with a clear, marketable title thereto, a certain tract of land situated in Duchesne county, state of Utah, and described as the southwest quarter of the northwest quarter of section 34, township 3 south, range 2 west, Uintah special meridian.

"(3)   That a contract was prepared by defendants, consisting of a printed form, with blanks filled in with pen and ink, purporting to set out the terms of the sale, and signed by the plaintiff and by Fred Motter for the Pioneer Realty Company. That said contract provided that plaintiff should pay defendants the sum of $500 cash down, and the remainder in partial payments—the sum of ninety dollars every ninety days thereafter until the purchase price was paid in full—without any interest on said deferred payments, and that defendants were to deliver to plaintiff an abstract of title showing a clear, marketable title 'within thirty days after the consummation of the sale.'

"(4)   That pursuant to said agreement the plaintiff paid to defendants the sum of $500 in money on May 13, 1918, taking a receipt therefor.

"(5)   That it was explained to plaintiff that the land was so-called Indian land, purchased from the United States on the deferred payment plan, and that it had not at the time of the deal been wholly paid for. That there were certain amounts to be paid annually, bearing interest at the rate of six per cent. per annum, and that United States patent would not issue until all such deferred payments had been made.

"(6)   That the defendants assumed and guaranteed the making of all such payments, or any other payments due to the prior holder, as such payments were to become due.

"(7)    That defendants failed and neglected to make a payment on said land that became due to the United States about June 22, 1918, in the sum of $200.

"(8)    That about July 29, 1918, the defendant B. L. Dart made a demand on plaintiff that he (plaintiff) pay the $200, with interest, then due the United States on said tract of land, and that said demand was thereafter repeated at least on two different occasions.

"(9)    That the plaintiff treated the failure of defendants to make the payment of $200 at the time it was due to the United States, and the subsequent demand on him to pay it, as a breach of the covenant of title in the contract on the part of defendants, and refused to make the payment of $90 due August 10, 1918, under the contract of sale, and refused to make any further payments, sought to rescind the contract, and demanded the return of the $500 paid on May 13th.

"(10)    That the defendants treated the failure and refusal of plaintiff to pay the ninety dollars due under the contract on August 10, 1918, and his refusal to pay the $200 (with interest) due the United States as a breach of the contract on the part of plaintiff, and seek to have the contract canceled, and the $500 paid on said land declared forfeited as liquidated damages.

"(11)    That the $200 due the United States on said land in June, 1918, was not paid at the time the cause was heard, but that without consulting plaintiff the defendants made arrangements with the United States officials for an extension of time for making such payment."

From the foregoing findings of fact the court found as one of its conclusions of law that, as plaintiff had not made a tender of money due under his contract, he could not rescind the contract, and was not entitled to the return of the money paid by him under it.

Upon these findings and conclusions judgment was rendered, dismissing plaintiff's complaint and the cross-complaint of defendants, and awarding plaintiff his costs against defendants.

The only question here involved is whether, after breach of contract by defendants, it was necessary for plaintiff to make a tender of performance before he was entitled to rescind the contract and demand a return of the money paid by him on the contract. A payment of $200 was due the government on June 22, 1918, and this payment defendants had assumed and guaranteed to make when due. On July 29, 1918, defendants

demanded that plaintiff pay this $200, which defendants, in violation of their contract, had neglected to pay. Plaintiff thereupon treated the failure of defendants to make the payment to the government when due as a breach of the contract, demanded a return of the $500 paid defendants, and thereafter refused to make the payment of ninety dollars due August 10, 1918. The payment of the $200 by the defendants when due was a material, important, and essential element of the contract.

The fact that some sort of an arrangement was made by defendants with some United States officials for an extension of time for making such payment is no justification for the course pursued by defendants, who not only committed a breach of an essential and vital portion of their contract—a breach destructive of the very purpose of the contract—but with amazing assurance repeatedly demanded that plaintiff pay the $200 which they should have paid. In addition to a breach of the contract, the course of action by defendants amounted to a renunciation by them. Plaintiff certainly had a right to rescind the contract and demand the repayment of the $500. But it is contended that plaintiff should in any event have made the ninety dollar payment on August 10, 1918. To have made such payment would have been to "pay today so that he may sue to-morrow to recover it back." It would have been an idle formality. Plaintiff had a right to rescind the contract upon its breach by defendants, and no further tender was required of him. *Obrecht* v. *Neilson Land & Water Co. et al.*, 44 Utah, 270, 140 Pac. 117.

The facts found by the court bring this case squarely within the general rule that—

"If a contract is entire, and remains executory in whole or in part, and one party fails to perform what it is his duty to do under the contract, and the other party is not in default, the latter may rescind the contract." Black on Rescission and Cancellation, section 196.

After defendants had violated a material and essential obligation by them to be performed under the contract, which was not severable, the plaintiff was not required

to tender any money that became due after such breach, and he was at liberty to treat the contract as rescinded, and was entitled to a return of the money paid by him on the contract.

The district court is therefore directed to modify the conclusions of law and the judgment in conformity with the views herein expressed, and to render judgment in favor of plaintiff and against defendants in the sum of $500, with legal interest thereon from May 13, 1918. Save as herein modified, the judgment is affirmed, with costs to plaintiff.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.