## THOMAS v. JOHNSON.

No. 3385.   December 30, 1919.   (186 Pac. 437.)

1.   VENDOR AND PURCHASER—TENDER OF PRICE NOT REQUIRED WHERE VENDOR REPUDIATES CONTRACT. Under an option for the sale of lond providing that, if the optionee should offer to comply with the terms of payment, the optionor would convey and furnish an abstract, a tender of the price by the optionee was un-

necessary where he offered to proceed with the agreement, and the optionor, instead of furnishing an abstract, repudiated the contract and said there was no contract.[1]    (Page 428.)

2.   VENDOR AND PURCHASER—NOMINAL CONSIDERATION FOR OPTION SUFFICIENT.    One dollar is an adequate consideration for an option to purchase land if the consideration for the purchase of the land is adequate.    (Page 429.)

3.   SPECIFIC PERFORMANCE—OPTION SUFFICIENTLY DEFINITE REGARDING TIME OF PAYMENT.    An option to purchase land providing that one-fourth of the price should be paid in cash, one-fourth on or before a specified date, and "balance ten years time at eight per cent, per annum," was sufficiently definite as to the time of payment of principal and interest to justify specific performance.    (Page 429.)

4.   SPECIFIC PERFORMANCE—OPTION NOT FATALLY UNCERTAIN.    An option to purchase land providing for the transfer of title subject only to such liens and incumbrances as were to be assumed implied some form of security, and was not too indefinite to be specifically enforced in the absence of any showing that the security contemplated was inadequate.    (Page 429.)

Appeal from District Court, Fourth District, Utah County; *A. B. Morgan,* Judge.

Action by P. P. Thomas against Lars A. Johnson.    From a judgment for defendant, plaintiff appeals.

REVERSED, with directions.

*Elias Hansen,* of Spanish Fork, for appellant.

*Dickson, Ellis, Lucas & Adamson,* of Salt Lake City, and *M. R. Straw,* of Provo, for respondent.

WEBER, J.

On April 13, 1917, the defendant, Lars A. Johnson, who is the respondent here, gave to P. P. Thomas, appellant, a writ-

---

[1] *Pool* v. *Motter,* 55 Utah, 288, 185 Pac. 714; *Cummings* v. *Nielson,* 42 Utah, 169, 129 Pac. 619; *Obrecht* v. *Land & Water Co.,* 44 Utah, 270, 140 Pac. 117.

ten option for the purchase of certain .land in Utah county. The material portions of the option.read as follows:

"In consideration of $1.00 paid to me by P. P. Thomas, the receipt of which is hereby acknowledged, and for other valuable considerations, Lars A. Johnson, the undersigned, hereby gives and grants to P. P. Thomas and his assigns, the exclusive right to purchase' at his or their option, the following described property: (Describing the property)—for the sum of $6,500.00, less the amount paid for this option. The terms of the payment to be as follows: ¼ cash, ¼ on or before December 15, 1917, balance 10 years' time at 8 per cent. per annum. * * *

"And if the said P. P. Thomas * * * shall comply or offer to comply with the terms of payment above specified, or any other terms which I may hereafter agree to accept, I agree to convey and transfer said property to said P. P. Thomas or such grantee as he might designate, by warranty deed signed by myself and my wife, and any other person then having any estate in said land and to furnish at my expense a certified abstract, showing a marketable title vesting in the grantor to be named. in said deed at the date of transfer, subject only to such liens and incumbrances as are under the terms of payment to be assumed by the grantee, and in case said title shall be defective in any way, I agree to perfect the same at my expense. It is understood that this option may be exercised by P. P. Thomas or his assigns ·at any time on or before thirty-seven days from the date hereof, or at any time thereafter and before ten days' written notice of intention to terminate shall have been given."

Suit was later brought by appellant in the district court of Utah county for the specific enforcement of the contract above set forth, and issues were joined by the parties to the suit. At the trial an advisory jury was impaneled. After producing testimony as to the execution and delivery of the option contract, and after placing the contract in evidence, appellant testified that he met Johnson, the respondent, at the latter's farm on May 19, 1917. Regarding a conversation between them at that time and place, Thomas testified:

"I said I was ready to make the payment, and that, if he would go with me to a place of a notary public and fix up the papers, I was ready to go through with my part of the deal. * * * I stated that I was ready to make payment of the portion that was due according to the contract. Johnson stated that he refused to let me ·have that land; that he did not consider there was a contract. I said I was ready and willing to pay."

When the witness was asked whether he had the money to pay, he stated he had it in the bank. A question as to which bank he had his money in was objected to as incompetent, irrelevant, and immaterial, and the court held that an actual tender of the first installment on the purchase price was necessary under the contract; that one-fourth of the purchase price must, under the contract, be offered in actual cash within thirty-seven days from the date of the contract. To this ruling an exception was duly taken. Thomas further testified that, in company with others, he saw Johnson on November 2, 1917, and he was then asked by his counsel to state what occurred at that time. The question was objected to as incompetent and irrelevant, and as referring to a written offer made November 2, 1917, and being under paragraphs 3 and 7 of the complaint. The paragraphs of the complaint referred to in the objection are in substance as follows: That the defendant (Johnson) failed to furnish the abstract for the property as he had agreed, and on November 2, 1917, the plaintiff served upon defendant a written notice to the effect that plaintiff accepted the option to purchase, and that he was ready to proceed with the deal and make the first payment provided for in the option contract; that at the said time and place plaintiff tendered to and attempted to give to the defendant as the first payment the sum of $1,625, which money the defendant refused to accept; that the defendant on said date refused to perform his part of the contract, and has ever since refused, failed, and neglected to perform, although the plaintiff has at all times been, and now is ready, willing, and able to pay the money provided for under the terms and conditions of said contract; and that the plaintiff offered and tendered into court the sum of $3,250, the same being one-half the purchase price of said land, and asks to be allowed to pay said sum into court to be applied upon the purchase price of the said land upon the defendant's compliance with the terms and conditions of the contract.

The objection was sustained by the court and exception reserved. It was then stipulated in open court:

"That Elias Hansen, who on the 19th day of May, 1917, was the

attorney for P. P. Thomas, and who accompanied P. P. Thomas at the time the written offer was made, talked with Mr. Lars A. Johnson and requested that he comply with the contract, and that Lars A. Johnson told Elias Hansen at that time that he would not and could not convey this property, because his brother, John Johnson, had an interest in the property, and that he, John Johnson, would not consent to this contract, and that R. L. Howard would testify, if permitted, that on April 13, 1917, at the time the alleged option was made, Lars A. Johnson stated to P. P. Thomas, in the presence of R. L. Howard, that he was the absolute owner of the 100 acres."

The jury was then discharged, and the court ordered the cause dismissed.

The court did not determine the issue of fact as to whether or not the respondent ever made, executed, and delivered the option contract. Among other findings, the court found that the respondent never tendered performance to appellant, and that appellant accepted and acquiesced in respondent's renunciation of the contract. Two questions are therefore raised by this appeal: (1) Was it necessary for appellant to make an actual and physical tender of the first payment on the contract? (2) After the option contract was renounced by respondent was the renunciation ratified by appellant?

It will be observed that, according to the undisputed evidence, appellant offered to comply with the terms of the contract, and that respondent then and there denied the existence of the alleged contract. Appellant did exactly that for which the contract provided. The proper course for the parties to pursue was for appellant to express his willingness and readiness to proceed with the agreement, or, in the language of the contract, to "comply or offer to comply with the terms of payment above specified," and it then became the duty of respondent to furnish an abstract of title, and, upon receiving the abstract of title, the payment of the purchase money and delivery of the deed were to be concurrent. Why should appellant have made an actual tender of the first installment of the purchase money when Johnson had furnished no abstract of title to his land and had repudiated his contract and stated there was no contract? After that announcement by Johnson, a tender by the appellant would have been an idle ceremony. The law never compels a

person to do that which is vain or useless. *Pool* v. *Motter,*
55 Utah 288, 185 Pac. 714, decided this term; *Cummings et
ux.* v. *Nielson et al.,* 42 Utah, 169, 129 Pac. 619; *Obrecht* v.
*Land & Water Co.,* 44 Utah, 270, 140 Pac. 117.

The court's finding that the renunciation of the contract
was assented to and ratified by appellant is unsupported by
any evidence. It may be that upon a full hearing such a con-
clusion would be proper, but under the present meager and·
fragmentary record it is not justified.

Other questions are discussed in the briefs of counsel.
These were not raised in the trial court, but, as the cause will
probably be tried again, we shall briefly refer to them.

It is contended by respondent that one dollar is an in-
adequate consideration for the option; that to tie up land
worth $6,000 for the time provided for in the option is an in-
equity so manifest, so strong, and so gross as to shock the
conscience of the chancellor.

According to the weight of authority, a nominal consid-
eration for an option is sufficient. *Miller* v. *Kimmel* (Okl.)
184 Pac. 762; *Smith* v. *Bangham,* 156 Cal. 359, 104
Pac. 689, 28 L. R. A. (N. S.) 523; 25 R. C. L. sec-        2
tion 37, page 237; James, Option Contracts, section 326.
If the consideration for the purchase of the property is ade-
quate, the consideration for the option to purchase, however
small, is binding. To hold otherwise would be to destroy the
efficacy of contracts that are made daily in the course of real
estate, mining, and other business pursuits. *Mathews Slate
Co.* v. *New Empire Co.* (C. C.) 122 Fed. 972.

It is urged by respondent's counsel that the contract is so
vague and uncertain regarding the deferred payments
that appellant is not entitled to specific performance.     3, 4
It is expressly stated in the contract when the balance
of the purchase price shall be payable, and that is in ten
years from date. The time of payment of interest is suffi-
ciently definite. While no security is specified, the contract
says that the title to be transferred shall be "subject only to
such liens and incumbrances as are under the terms of pay-
ment to be assumed by grantee." In construing the meaning

and effect of the option contract, we have no right to assume that the words just quoted shall have no meaning or effect. They evidently mean either that liens or incumbrances on the property were in existence at the very time the option was executed or that such liens ·or incumbrances might be placed thereon by respondent before or at the time of making the deed. In any event the words quoted certainly contemplate some form of security, and 'if the security contemplated was so inadequate as to render the transaction inequitable and unenforceable, it was incumbent upon respondent to establish the fact to the satisfaction of the court. Inadequacy of security is not made an issue in the pleadings; the evidence offered by appellant does not disclose it. Under these circumstances it was manifestly unfair to appellant to dismiss the action without hearing all the evidence.

For the reason that the record shows that respondent renounced and repudiated the contract, and thereby waived any tender, if the same was required under the contract, at the time appellant offered compliance with its terms, and because the record does not contain any evidence to establish that appellant acquiesced in respondent's renunciation of the option, judgment is reversed, and the district court is directed to vacate its findings of fact and conclusions of law and grant a new trial. Costs of appeal to appellant.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.