## EVANS et al. v. HOUTZ et al.

No. 3486.   Decided November 23, 1920.   (193 Pac. 858.)

1. PLEADING—ALLOWANCE OF TRIAL AMENDMENT PROPER. Where defendants requested no continuance, and no prejudice appeared, it was not an abuse of the trial court to allow plaintiffs at commencement of trial to amend the complaint by changing the averment as to tender.

2. COSTS—VENDOR AND PURCHASER—WHERE DEFENDANTS REPUDIATED CONTRACT, THERE CAN BE NO RECOVERY OF LOSS OR INTEREST. Where defendants refused to accept payment pursuant to an agreement for the sale of land, etc., and if defendants had accepted there would have been no claim for interest and no costs incurred, defendants cannot, in an action by plaintiff, recover costs or interest.

3. VENDOR AND PURCHASER—WHERE DEFENDANTS REPUDIATED CONTRACT, FORMAL TENDER IS UNNECESSARY. Where defendants repudiated a contract for the sale of lands, and announced that they would not accept, such conduct was a waiver of formal tender.[1]

Appeal from District Court, Fourth District, Utah County; A. B. Morgan, Judge.

Action by David L. Evans and another against Matilda S. Houtz and another. From a judgment for plaintiffs, defendants appeal.

AFFIRMED.

J. H. McDonald, of Provo, for appellants.

---

[1] Thomas v. Johnson, 55 Utah 424, 186 Pac. 437; Pool v. Motter, 55 Utah 288, 185 Pac. 714; Cummings v. Nielson, 42 Utah 169, 129 Pac. 619; Obrecht v. Land & Water Co., 44 Utah 270, 140 Pac. 117.

*Elias Hansen,* of Spanish Fork, for respondents.

WEBER, J.

The complaint, in substance, alleges: That on or about November 30, 1908, plaintiffs agreed to purchase from defendant Matilda S. Houtz certain real property in Utah county (describing same), also 68 shares of water stock; that pursuant to said agreement a contract was entered into, whereby plaintiff David L. Evans agreed to pay to defendant Houtz for said land and water stock the sum of $2,400, with interest at 8½ per cent. per annum, same to be paid within 10 years, and, if not so paid, then the interest to be 10 per cent per annum; that defendant Houtz executed a warranty deed, and indorsed the stock certificate to plaintiff David L. Evans; that to secure the payment of the purchase price plaintiff Sarah A. Evans executed a warranty deed to defendant Houtz, covering certain lands owned by said Sarah A. Evans; that this last-mentioned deed was made as security merely, and for no other purpose; that all these deeds and the stock certificate, together with a note executed by plaintiffs in favor of defendant for the $2,400 purchase price of the land and stock, were placed in an envelope, on the back of which was executed by plaintiffs and defendant Houtz an escrow agreement covering the transaction; that this envelope was deposited with the defendant Springville Banking Company; that the deed from plaintiff Sarah A. Evans to defendant Houtz was not recorded, but was acknowledged so as to be entitled to be recorded, and plaintiff believes and is informed, and therefore alleges, that defendant will have said deed recorded if it comes into her possession, and will thereby place a cloud upon plaintiff's title to said land, of which plaintiff Sarah A. Evans is the owner in fee, subject only to the payment of the $2,400 aforesaid; that plaintiff David L. Evans ever since the execution of the above-mentioned documents, has had possession of the land thereunder, and has enjoyed the rights evidenced by the water stock mentioned; that he has improved said lands by draining,

leveling, and otherwise to the extent of $400; that he has fulfilled all the conditions of the contract by paying taxes, assessments, interest, etc., and keeping the buildings in repair, etc., but that he has not paid the $2,400 for the reason and the only reason, that defendant Houtz has refused to accept same; that on November 29, 1918, and again on December 2, 1918, plaintiff David L. Evans tendered and offered to pay to defendant Houtz the said $2,400, with any interest that might be due, and requested defendant to accept same and deliver up the documents above mentioned, but defendant would not accept said money, nor deliver up the instruments, claiming to be the owner of the said lands and water stock, and said she would not convey same, for the reason that they were now worth more than the agreed price; that plaintiff, on November 29, 1918, when said tender was made, was, and ever since has been, and now is, ready, able, and willing to pay said money under said contract, but defendant still fails, refuses, and neglects to accept said money, and also fails, refuses, and neglects to deliver, or permit delivery of, said written instruments held by said bank to the damage of plaintiffs in the sum of $75; that the defendant bank refuses to deliver said instruments, for the reason that defendant Houtz has directed it not to deliver same; that plaintiff David L. Evans has a right to, and is entitled to, delivery of said instruments, and is ready, able, and willing to pay said $2,400, and now tenders same to the court to be paid to defendant Houtz. Plaintiffs pray for judgment that defendant be held to have no interest in the lands in controversy, nor in the documents mentioned; that the note be canceled and the documents delivered to plaintiffs; for $75 damages and costs. Admitting the execution of the deeds mentioned in the complaint, defendant Houtz in her answer denied all the other allegations thereof. At the commencement of the trial plaintiffs were permitted to amend the complaint by substituting the words, "and hereby tenders into this court $2,400 gold coin of the United States of America to be paid to defendant Matilda S. Houtz," in place of the words "at any time that the court may so order to either the clerk of this

court or to the said defendant Matilda S. Houtz,'' as orig-
inally written in the complaint. The court found all the
issues in favor of the plaintiffs, and awarded them the relief
demanded in their complaint. From this judgment defend-
ant Matilda Houtz, hereinafter called appellant, prosecutes
this appeal.

The evidence fully sustains the findings of fact, which are
in harmony with the allegations of the complaint.

Appellant assigns as error the action of the court in per-
mitting respondents to amend their complaint in the
manner heretofore shown. There was no request for
a continuance, and as no prejudice resulted to appel-
lant from the amendment, there was no abuse of discretion
by the court in allowing the same.

Appellant contends that the money due under the contract
never having been actually or physically tendered until the
trial, the respondents were bound, in any event, to pay the
costs and interest from the time the contract matured, De-
cember 1, 1918, to the time of trial, and that the tender at
the time of trial was wholly ineffectual, for the reason that
the costs and interest were not tendered in addition to the
purchase price of $2,400. Upon the undisputed evidence, the
court found that when on November 29, 1918, appellant was
informed that respondents desired to settle with her, they
were informed by appellant that she would not accept the
money, and would not deliver, nor permit the delivery of,
the deeds, and that on December 21, 1918, when she was
again informed by respondents' counsel that David L. Evans
desired to pay, and would pay, the balance due on the said
contract, she ''refused to deliver the deed, or other written
instruments, upon the payment of said money or otherwise,
and that she still refuses to deliver, or permit the delivery
of, said written instruments or otherwise perform her said
contract.''

From this finding, which is not assailed as unsupported by
the evidence, it is apparent that if the contract had not been
repudiated by appellant, and she had complied with its terms,
she would have incurred no costs, and could not have had a

claim for interest. No interest was due her when respondents first attempted to comply with the terms of the contract, and if matters were then left in statu quo, and she received no interest, that result was due entirely to her own action, and not that of respondents, who were at all times able and willing to pay according to the provisions of the contract. By repudiating her contract, appellant waived a tender and placed herself in the precise position, so far as her right to interest is concerned, in which she would have been had the tender been made, and clearly she could not have complained of nonpayment of interest on the money after its tender.

The court, therefore, did not err in decreeing that $2,400 was the amount which appellant was entitled to have delivered to her by the clerk of the court, with whom the money had been deposited.

It is urged by appellant that respondents never tendered the $2,400 due appellant on the contract. The complaint alleges and the testimony establishes that to make a technical tender by actually offering the money to appellant would have been a useless ceremony, for the reason that she had repudiated the contract, and said she would not accept the money due thereon, and would not allow respondents to have the property. The evidence of waiver of tender was clear, and fully justified the finding that a tender of the purchase price had been waived by appellant.. *Thomas* v. *Johnson*, 55 Utah 424, 186 Pac. 437; *Pool* v. *Motter*, 55 Utah 288, 185 Pac. 714; *Cummings* v. *Nielson*, 42 Utah, 169, 129 Pac. 619; *Obrecht* v. *Land & Water Co.*, 44 Utah, 270, 140 Pac. 117.

Judgment affirmed with costs.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.