(No. 7230. December 22, 1944.)

JAMES E. WHITE and ANNA M. WHITE, husband and wife, and ANNA M. WHITE as Guardian of the Estate of James Edward White, Jr., Appellants and Cross-Respondents, v. B. ELLSWORTH RALPH and MARTHA RALPH, Respondents and Cross-Appellants.

[154 Pac. (2d) 167.]

Everett E. Hunt for appellants and cross-respondents.

40

W. B. McFarland and Hamblen, Gilbert & Brooke for respondents and cross-appellants.

BUDGE, J.—This is an action brought for the purpose of cancelling an option to purchase certain real estate located in Bonner County, and for the purpose of obtaining possession thereof. Briefly stated, the facts are substantially as follows:

January 5, 1940, appellants were the owners of a tract of land and on that date entered into an option agreement with respondent, B. Ellsworth Ralph, by the terms of which Ralph was to go into possession and within three years thereafter was to pay the purchase price of $2250.00 as stipulated in the option, and in addition thereto $157.50 to be paid as "annual rental," the first year's rental being due on the 5th day of January, 1941, and annually thereafter, and to pay all taxes or assessments levied against the premises subsequent to the year 1939. In case of failure of respondent Ralph to pay the rental when due, then and in that event the option "may be cancelled at the option of the parties of the first part [Whites] upon ten days notice

in writing given to the party of the second part" [Ralph]. The option agreement also provided "that when and if said option is exercised and said property is purchased by the party of the second part, the parties of the first part shall be entitled to reserve unto themselves fifty per cent (50%) of all mineral rights in and to or concerning said premises and that any deed given to the party of the second part by the parties of the first part shall contain a reservation of one-half interest in and to any and all mineral rights upon or concerning said premises. The parties hereto further agree not to make any lease, deed, option or contract of any kind or description concerning the mineral rights in and to or upon said premises without the consent of both parties hereto having been first secured in writing."

Shortly after Ralph took possession of the property White, being engaged in certain mining operations adjacent to the premises, by agreement with Ralph, used not to exceed one acre of the land for the purpose of erecting buildings and for dumping purposes, agreeing to pay Ralph a fair and reasonable amount for the use of the land and the use of a road over which to truck ore, no amount being fixed as the price for such use.

October 1, 1940, appellant and his wife executed and delivered to the Federal Land Bank of Spokane two mortgages on the land described in the option and other land, one for $2,300 and the other for $1,900. October 8, 1941, White and his wife by deed conveyed the land described in the option to their son, James Edward White, Jr. The above mortgages and conveyance were made by the Whites prior to the expiration of the option and in violation of the terms specified in the option. Neither the mortgages nor the conveyance contained any restrictions or limitations, and were executed and delivered without the consent of Ralph having been first secured in writing, as stipulated in the option.

Prior to the expiration of the option Ralph called White on the telephone and informed him that he was ready to exercise the option. White was employed at Farragut, and requested Ralph to postpone the matter of exercising the option until a later date, to which Ralph agreed. January 18, 1943, White wrote a letter to Ralph in which he stated, in effect, that the time for exercising the option had ex-

pired and that he, Ralph, should come and make payment or arrange for an extension of the option, whereupon Ralph promptly went to White's home, and in the course of the discussion concerning how much Ralph was to pay, White informed Ralph that he would not be able to give a deed until he cleared up the mortgages, and he could not do that until he sold some of his cattle. At this meeting a dispute arose in connection with the amount due as rental. Ralph claimed the value of the use of the land used by White for mining purposes off-set the rental. It was then mutually agreed between White and Ralph they would go to Sandpoint the next morning and meet in Judge Hunt's office for the purpose of adjusting the differences between them as to the amount of rent due and the value of the use of the premises by White. The next morning White informed Ralph he had changed his mind and was not going to do anything more. Within a few days thereafter White sent a written notice of cancellation to Ralph, and demanded surrender of the premises. Shortly thereafter this action was commenced in the name of Anna M. White as Guardian of the Estate of James Edward White, Jr. Later, on motion of defendants, White and his wife were, by order of the court, joined as parties plaintiff.

The cause was tried before the court and from a judgment in favor of defendants, plaintiffs prosecuted this appeal. Defendants also filed a cross-appeal.

So far as appellants are concerned, the record presents two questions, which will be disposed of in the following order:

1. Did Ralph fail to exercise the option within the terms of the option agreement?

2. Was the allowance by the court for the use of the premises by White for mining purposes excessive?

 The record supports the conclusion that Ralph exercised the option within the time fixed therein and extension thereof by mutual agreement of the parties.

 By reason of White's acts and conduct he is not in position to successfully contend that the option was not extended beyond the time fixed in the option. The rule is established that the time fixed in an option may be extended by the acts and conduct of the parties thereto.

"However, notwithstanding time is generally of the essence of an option, the parties may waive the requirement of performance within the time stipulated either expressly or by their conduct." (66 C.J. p. 504, sec. 28.)

"Where a contract for sale of real estate makes time of the essence, and provides for a forfeiture of the vendee's rights for failure on his part to make payments at certain times, a continued course of conduct on the part of the vendor in failing to declare a forfeiture, thereby leading the vendee to believe that the vendor waives a strict compliance with the terms of the contract, works a waiver of the vendor's right to declare a forfeiture, unless and until he gives the vendee reasonable notice of his intention to do so, and a reasonable opportunity to make the delinquent payments." (*Sullivan v. Burcaw*, 35 Ida. 755, 208 P. 841; *Langley v. Stondall L. & I. Co.*, 264 Fed. 474.)

The court found, in Finding of Fact No. 8, as follows:

"That prior to the expiration of the option to purchase contained in said contract of January 5, 1940, above referred to, the said defendant B. Ellsworth Ralph exercised said option and right to purchase said property by notifying the plaintiffs herein to that effect and by advising them that he had funds available to complete said purchase upon receiving a sufficient deed to the premises; that said plaintiffs were not then in position to make conveyance of the said premises, and the closing of any deal was delayed at the request and on account of plaintiffs."

There is sufficient competent evidence to sustain the above finding.

It is contended by appellants that Ralph did not exercise the option for the reason that he failed to tender the amount due thereunder at the time he gave notice that he exercised it and demanded conveyance. This contention cannot be maintained for two reasons. At the time Ralph notified appellants that he was exercising the option and demanded a deed, appellants were not in position to convey because they had breached the option in that they had placed mortgages upon the premises, which had not been discharged or satisfied, and had divested themselves of title thereto by conveyance to their son. Under such circumstances no tender of the money due under the option

by Ralph was necessary. (*Marshall v. Gilster*, 34 Ida. 420, 201 P. 711; *Seeley v. Security Nat'l Bank*, 40 Ida. 574, 235 P. 976; *Richards v. Jarvis*, 41 Ida. 237, 238 P. 887; *Elson v. Jones*, 42 Ida. 349, 245 P. 95; *Blaine County Canal Co. v. Mays*, 65 Ida. 190, 142 P. (2d) 589; 66 C.J. p. 1054, sec. 814; *Varn Turpentine & Cattle Co. v. Allen & Newton* (Ga.), 144 S.E. 47.)

Coming now to the second question, was the allowance for the use of the premises for mining purposes excessive.

Ralph testified that White stated $5.00 was a reasonable price for the use of the premises, which White denied. Dunn, a witness called on behalf of respondents, testified that the reasonable value of the use was $500. Ralph testified that the value of the use off-set the rental for two years:

"Q. Do you feel that during the time that no operation was going on that you were entitled to $157.50 a year?

"A. I was entitled to the first full two years.

"Q. How about the third year?

"A. Well, I offered White that in January 26, 1943 when I was at his home, I was willing to settle for two years."

Upon this point there is a direct conflict. The court found $83.33 per year, or an aggregate of $270.76 as the value of the use of the land by appellant.

In our opinion the amount found by the court is excessive. We have concluded that $25.00 a year is a reasonable value for said use. The judgment will be amended by the court in this respect.

It is further urged by appellants that Ralph breached the option in that he failed to pay the $157.50 per year as rental on the date the same fell due under the terms of the option, which provides:

"In case of the failure of the party of the second part to pay the rental upon said premises as heretofore set out upon the dates when the same shall be due and payable, then in that event, this contract may be cancelled at the option of the parties of the first part upon ten (10) days

notice in writing given to the party of the second part, and in case that said rental is not paid when due the party of the second part hereby agrees to peaceably quit and surrender said premises to the parties of the first part."

From a search of the record we are unable to find that appellants gave notice in writing to Ralph as provided in the option, but, quite to the contrary, appellants made no demand for the rent as it anually fell due although Ralph was working for appellant for a considerable length of time; that he did not deduct the rent from Ralph's wages, but stated that he thought Ralph was hard up; that he did not bother him or make any mention of the matter to Ralph's wife. The reasonable inference to be drawn from the testimony of appellant White is that Ralph labored under the impression that the use of the premises off-set the rent, or that the matter of the payment of the rent would be adjusted amicably when White paid him the reasonable value of the use of the land. However, the matter went along and nothing was said about the rent until the meeting of the parties at White's residence, when Ralph protested against the payment of the rent, except as to the last year, or until after White ceased to use the property. Under the facts and circumstances we do not think this is a case that would justify a holding to the effect that the failure of Ralph to pay the rent when it fell due operated as a forfeiture of his option.

█ The Supreme Court of the United States, in *Swain v. Seamens*, 9 Wall. (U.S.) 254, 19 L. ed. 554, said:

"Where a person tacitly encourages an act to be done, he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of encouragement induced the other party to change his position, so that he will be pecuniarily prejudiced by the assertion of such adversary claim."

This court has approved of this doctrine in the following cases: *Leaf v. Reynolds*, 34 Ida. 643, 203 P. 458; *Exchange State Bank v. Taber*, 26 Ida. 723, 145 P. 1090; *Farber v. Page & Mott Lbr. Co.*, 20 Ida. 354, 118 P. 664. See, also, *Shafer v. Killpack*, 53 Utah 468, 173 P. 948; *Lillard v. Board of County Commrs.*, 102 Kan. 822, 172 P. 518.

█ Parties to an option contract may by their acts and

conduct waive provisions of performance where time is even made the essence of the option. (66 C.J. supra.)

Appellants state in their brief that Ralph failed to pay all taxes upon the premises and thereby breached the option. The court found: "* * * plaintiffs have paid taxes upon said premises which the defendants should have paid in the total sum of $36.37." Evidently Ralph had paid all the taxes except the above amount, and it appears from the record that his failure to pay said amount was due to a mix-up in the tax collector's office and Ralph was not given credit for all payments made by him. It would be unconscionable to declare a forfeiture of the option for this reason. The court awarded appellants judgment for the amount of taxes paid by them, with interest, also for the purchase price of the property, and rental, totalling the sum of $2,529.39. In other words, appellants were made whole as to any outlay by them, and upon which they receive interest, and the money has been deposited with the clerk of the district court to be delivered to appellants upon execution and delivery by them to respondents of a good and sufficient deed, free from all encumbrances on the property described in the complaint, reserving one-half interest in all mineral rights unto themselves.

The respondents filed a cross-appeal in which they attack the court's finding No. 14, which is as follows:

"That the damages which the defendants will sustain in the event the plaintiffs are unable or refuse to convey good, merchantable title to said premises as hereinafter provided, is the sum of $750.00."

Respondents contend, first, that appellants have no right to refuse to make conveyance as ordered in the decree, since the court held that respondent had legally exercised the option, with which contention we agree. Second, that there was no sufficient evidence to sustain the finding that the damages sustained by respondents in case appellants were unable or refused to convey were $750.00. In our opinion there is no sufficient competent evidence to uphold the award of damages made by the court.

Appellants are not here contending that they are not now in position to convey, or they cannot place themselves in position to convey in accordance with the court's

decree. Under such circumstances specific performance should have been awarded. (*Blaine County Canal Co. v. Mays,* supra.)

The decree should be modified, as herein directed, reducing the value of the use of the land by appellants for mining purposes to $25.00 a year. It should further provide that appellants be required to specifically perform as provided for in the option, and when so modified is affirmed.

Holden, C.J., and Givens and Dunlap, JJ., concur.

Ailshie, J., did not sit at the hearing and took no part in the decision in this case.