313 P.2d 1079

Anton MOEN and Naomi C. Moen, husband and wife, and Ron T. Moen, a bachelor, Plaintiffs-Appellants,

v.

E. C. MINZEL and Delores G. Minzel, husband and wife, Defendants-Respondents.

No. 8504.

Supreme Court of Idaho.

July 10, 1957.

J. Ward Arney, and Pat W. Arney, Coeur d'Alene, for appellants.

James W. Ingalls, Coeur d'Alene, for respondents.

SMITH, Justice.

Appellants brought this action seeking specific performance by respondents of an instrument in the form of an alleged unexecuted contract for the sale and purchase of real property owned by respondents.

Appellants in their amended complaint allege that respondents own "Section 5, Township 51 North, Range 3 W.B.M., Hayden Lake, Kootenai County, Idaho," comprising 640 acres known as E. C. Minzel ranch. The form of the alleged instrument of contract, however, attached to and made a part of the amended complaint, sets out that only respondents E. C. Minzel and Delores Minzel are the owners of said property.

Appellants further allege that May 25, 1955, certain negotiations between appellants and respondents culminated in a memorandum, reading as follows:

"For E. C. Menzel Ranch
Approx 640 acres at H. Lake $25,000
$5,000 down

$ 150 month
$1,000 note by Jan 1 for putting in crop
$ 500 paid 5/25/55
$4,500 due soon as papers on place are
      brought up to date.
      bal. at $150.00 per month
      Interest First
                Anton M. Moen
                Ron T. Moen
                E. C. Minzel
                Naomi C. Moen
                Delores G. Minzel"

Appellants then allege that at the time of the signing of the memorandum, appellant Ron T. Moen wrote a check for the $500 mentioned, and delivered it to respondents.

Appellants then set out that further negotiations "culminated in the preparation of a contract during July, 1955," which appellants signed but which, by innuendo, respondents refused to execute.

Appellants further allege that they have been ready, willing and able to perform as indicated by the alleged instrument of contract, and they seek specific performance thereof.

December 28, 1955, respondents, by written tender filed with the clerk of the district court, tendered the $500 check to appellants through and by deposit with the clerk, alleging that on numerous occasions respondents had attempted to return the check to appellants, but that they had refused to accept it.

April 9, 1956, respondents filed a motion to strike certain portions of appellants' amended complaint and generally demurred thereto. June 20, 1956, the trial court in large part sustained the motion to strike; also sustained the general demurrer. Appellants refused to amend within the time that the trial court allowed them so to do. The trial court thereupon, July 9, 1956, entered judgment of dismissal of said action with prejudice. Appellants have perfected an appeal therefrom.

Appellants assign error of the trial court in sustaining respondents' general demurrer to the amended complaint. Appellants urge equitable estoppel of respondents, against their assertion of the applicability of the statute of frauds which requires an agreement for the sale of real property, or an interest therein, to be in writing subscribed by the party sought to be charged. I.C. § 9–505.

Appellants in asserting their position state, "The memorandum, together with the formal written contract executed by appellants, is unquestionably sufficient to take the case out of the statute of frauds." The instrument of "formal written contract" to which appellants refer is appended to and made a part of the amended complaint. It is in the form of a contract for the sale and purchase of real property; but it cannot be regarded as a contract, since it is not subscribed by respondents, the

parties sought to be charged. Since appellants admit the insufficiency of the memorandum, standing alone, as a contract for the sale and purchase of real property, the statute of frauds defeats appellants' contention. I.C. § 9–505.

■ Next, appellants contend that a change in their position allegedly occurred "with the preparation of or actual purchase of machinery." The allegations contained in the amended complaint are, that respondent E. C. Minzel withdrew objection to the completion of the sale "when plaintiff-husband [Anton Moen] explained that plaintiff-son [Ron T. Moen] had made plans, acquiring machinery, and to place it in operation immediately on the ranch."

Such allegation fails to allege a change of position of appellant Ron T. Moen.

Further, the form of the alleged contract, made a part of the amended complaint, sets out that Ron T. Moen, minor son of the other two appellants, had no interest whatever in the alleged transaction of asserted sale and purchase between appellants Anton Moen and Naomi Moen, on the one hand, and respondents, on the other hand, since, quoting from said instrument, "for the purpose of mention of his name only, [Ron T. Moen] joins in the execution of this contract." Those allegations of the amended complaint further negative any change in position of appellant minor son since they set out his lack of any interest in the alleged transaction.

The amended complaint also fails to allege any change in position of the two remaining appellants, or either of them.

It therefore follows that the allegations of appellants' amended complaint do not support equitable estoppel of respondents, based on change of position of appellants or any of them. See discussion of this principle, Leaf v. Reynolds, 34 Idaho 643, 203 P. 458; Murtaugh Highway District v. Twin Falls Highway District, 65 Idaho 260, 142 P.2d 579; White v. Ralph, 66 Idaho 38, 154 P.2d 167; 31 C.J.S. Estoppel § 72, p. 273; 19 Am.Jur., Estoppel, sec. 84, p. 732.

■ Here, there was a failure to plead any injury of appellants or any of them as alleged interested parties under the asserted contract or otherwise. No estoppel can arise where there is no injury. Sunshine Min. Co. v. Treinies, D.C., 19 F. Supp. 587, affirmed Treinies v. Sunshine Min. Co., 9 Cir., 99 F.2d 651; 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

Appellants rely on the case of Grant v. Long, 1939, 33 Cal.App.2d 725, 92 P.2d 940. In that case the California court, under the facts shown applied the rule that equitable estoppel prevents invocation of the statute of frauds where one party, in reliance on a parol contract which should have been reduced to writing, has changed his position or parted with value so that injustice would result if the other party were permitted to plead such statute. That case is not in point

under the facts shown here, since appellants failed to show any change of position.

Appellants also rely on the case of Crouch v. Bischoff, 76 Idaho 216, 280 P.2d 419. In that case evidence was adduced for the purpose of determining the existence or nonexistence of an enforceable contract for the sale and purchase of real property, whereas in the case here, it was not necessary to adduce evidence to determine such fact. Herein, the amended complaint on its face shows both the nonexistence of an enforceable contract, and no change in position of any of appellants.

The amended complaint fails to state facts sufficient to constitute a cause of action against respondents for specific performance or otherwise. Hancock v. Elkington, 67 Idaho 542, 186 P.2d 494.

We find no merit in appellants' remaining assignment that the trial court erred in sustaining respondents' motion to strike portions of the amended complaint, since appellants have not supplied authorities or argument in support thereof. Sup.Ct. Rule No. 41; Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P.2d 494; State v. Davidson, 78 Idaho 553, 309 P.2d 211.

The judgment of the trial court is affirmed. Costs to respondents.

PORTER, TAYLOR and McQUADE, JJ., concur.

KEETON, C. J., sat at hearing, but did not participate in the decision.