392 P.2d 37

Lester Ralph ROMERO and Maxine Romero, his wife, Plaintiffs and Appellants,

v.

Victor SCHMIDT and Rae Schmidt, his wife, Tom B. Wilcox, et ux., and Art Casey, et ux., Defendants and Respondents.

No. 9922.

Supreme Court of Utah.

May 15, 1964.

Ronald C. Barker, Salt Lake City, for appellants.

Kirton & Bettilyon, L. Brent Hoggan, Salt Lake City, for respondents.

McDONOUGH, Justice:

This is an action to foreclose a real estate contract as a note and mortgage.

Romero and Schmidt entered into a uniform real estate contract for the purchase and sale of a home in Salt Lake City. For 13 months Schmidt made prompt regular payments to Romero, and in September, 1962, assigned his interest to Wilcox, who desired the home for resale. Wilcox found a buyer, Casey, to whom he desired to make the assignment; but to do so he needed a verified contract balance, for which purpose Wilcox and Casey approached Romero. On the first meeting Romero instructed his accountant to work out the balance with them to "get the matter settled." Because the proper tax figures were unavailable, they were unable to come up with a satisfactory balance. Similar problems beset subsequent attempts to resolve the problem, primarily because Romero failed to provide the proper tax figures.

At one of these meetings Wilcox left a check with plaintiff for the September, 1962, payment, which was dishonored October 9th. Romero caused the check to be sent through again, and it was returned a

second time October 15, 1962. Romero received the check back from the bank on October 18th. On October 24th Romero caused notice to be served on defendants that he intended to treat the nonpayment as breach of contract and treat the contract as a mortgage and note and foreclose thereon.

On October 15, 1962, defendants, by their broker, called Romero and made an offer to pay any delinquent payments and interest from monies that the broker held in trust if Romero would only furnish them a verified balance. On that occasion Romero notified the parties that the contract was in default because of the dishonored check. After the offer to pay any outstanding delinquency was made, Romero gave an amount and defendants inquired if this were the amount on which they could close the negotiations. Romero then responded that they could if they wished, because he would use the same amount to foreclose on.

The lower court sat in equity with an advisory jury to which special interrogatories were submitted. The jury found that the plaintiff had made a bona fide demand for delinquent payments and interest; that defendants had made a tender of payment of all delinquencies; and that the plaintiff had acted unreasonably in not determining the exact contract balance, preventing the closing of the Wilcox-Casey transaction. Thereupon, the court entered a judgment of no cause of action against the plaintiff on the theories of tender and estoppel.

■ The first question to be resolved in the appeal is whether there was sufficient tender. It should be pointed out that the sufficiency of the dishonored check as tender of delinquency was never raised at trial. The only issue on appeal is as to the sufficiency of the phone call from the real estate broker to plaintiff on October 15, 1962, offering to pay over any existing delinquency upon receipt of a verified balance.

On the issue of tender below, the judge instructed the jury that:

"* * * Tender as used in these instructions, is meant an offer to pay, or the act of holding a claim or demand against him, the amount of money which he considers and admits to be due in satisfaction of such claim or demand, without any stipulation or condition."

Plaintiff argues that the act of telephoning does not meet the strict requirements of a legal tender. 52 Am.Jur. 215, 231, Tender, Secs. 2 and 24; Sieverts v. White, 2 Utah 2d 351, 273 P.2d 974 (1954) and cases cited therein; U.C.A.1953, 78-27-1.

If the legal sufficiency of the alleged tender were in issue, the point plaintiff makes would be well taken; but, its sufficiency, according to the facts of this case, is not bound to such strict requirements.

This court has held that where the unreasonable conduct of the obligee would make an actual tender a meaningless gesture, an offer to comply with the terms of the contract by the obligor is sufficient. Thomas v. Johnson, 55 Utah 424, 186 P. 437 (1919); Evans, et al. v. Houtz, et al., 57 Utah 216, 220, 193 P. 858 (1950); 52 Am.Jur. 218, 219, Tender, Sec. 5. The findings of fact by the trial court adequately substantiate the position that defendants' offer to pay all existing delinquencies was sufficient to constitute a tender in this case.

■ The question is now raised as to the effect of the tender upon the right of plaintiff to foreclose under clause 16–C of the contract. Plaintiff contends that it has no effect at all upon his legal rights. We have previously addressed ourselves to the same question and further elaboration is unnecessary.

"Under a contract which provides that any default in the payment of the interest of an instalment of the principal when due shall give the obligee an option to declare the whole amount due, the general rule is that a tender of payment of the overdue principal or interest before the option to declare the whole debt due has been exercised cuts off the right to exercise the option [citing]. This is so because the debt does not become due on the mere default in payment, but by affirmative action by which the creditor makes it known to the debtor that he intends to declare the whole debt due." 52 Am. Jur. 245, Sec. 41 as cited in Home Owner's Loan Corporation v. Washington, 108 Utah 469, 161 P.2d 355 (1945).

As pointed out supra, the jury and court found that a valid tender was made on October 15th and demand was not made until the 18th of the same month. We therefore hold that the trial court ruled properly in holding that the valid tender prevented plaintiff from foreclosing on the mortgage and note. Adoption of this construction lends itself to the general principles of equity and the attitude this and other courts have taken toward mortgage foreclosures. The plaintiff will sustain no damage by the court's refusing to enforce the acceleration clause since he will receive the full consideration he bargained for under the uniform real estate contract. Home Owners Loan Corporation v. Washington, supra; Bisno, et al. v. Sax, et al., 175 Cal.App.2d 714, 346 P.2d 814 (1959); Murphy v. Fox, et al. Okl., 278 P.2d 820 (1954).

Affirmed, costs to respondents.

HENRIOD, C. J., and CROCKETT, CALLISTER and WADE, JJ., concur.