489 P.2d 426

**LINCOLN LAND AND DEVELOPMENT COMPANY, a corporation, Plaintiff and Respondent,**

v.

**Reed THOMPSON and Russell A. Thompson, as the Administrators of the estate of Russell Thompson, Deceased, et al., Defendants and Appellants.**

**No. 12273.**

Supreme Court of Utah.

Sept. 30, 1971.

Dallas H. Young, Jr., Provo, for defendants and appellants.

V. Pershing Nelson, of Aldrich, Bullock & Nelson, Provo, for plaintiff and respondent.

TUCKETT, Justice:

The defendant Carl Ray Thompson is here seeking a reversal of a decree of specific performance of an "option to purchase" a tract of land in American Fork, Utah. It is the contention of the appellant Thompson that the plaintiff had not exercised its option in accordance with the terms thereof.

Russell Thompson, the father of the named defendants, was the owner of the property in question prior to the events we are here concerned with. One Mackey Boley, a real estate broker, negotiated with Russell Thompson for the sale of the land to the plaintiff. The option was dated March 19, 1969, and contained the following provisions:

The Buyer may exercise this "Option" by notice in writing of intent to exercise

delivered to the undersigned by registered mail * * * *together with a tender of the $5800 balance of the down payment. In the event that this Option is so exercised,* the buyer shall be granted 30 days from the date of receipt of intent to exercise to complete the closing of this transaction, including the execution of a promissory note and deed of trust in a form suitable to the seller, and containing the terms as set forth above for the payment of the balance of the purchase price, copies of which forms are attached hereto. * * * [Emphasis added.]

\* \* \* \* \* \*

This Option shall remain in effect for a period of 120 days from the date hereof * * * to and including July 17, 1969.

Russell Thompson died on April 20, 1969, and his sons Reed and Russell A. Thompson were appointed administrators of his estate. The decedent had executed a quitclaim deed on March 3, 1963, conveying the property to his son Carl, who is the appellant here.

On July 17, 1969, Mackey Boley, the real estate broker above mentioned, at the direction of the plaintiff, delivered letters to the homes of Russell A. Thompson, coadministrator, defendant Carl Ray

Thompson, and to the attorney representing the administrators of the estate of Russell Thompson, notifying the addressees of the plaintiff's intention to exercise the option. The letter fixed as a time for closing the transaction on August 15, 1969. The balance of the down payment in the sum of $5800 was not tendered to the defendants in connection with the plaintiff's exercise of the option.

■■■ Before the plaintiff was entitled to a decree of performance it had the burden of showing that it had exercised the option in accordance with its terms. The plaintiff had the burden of establishing that it had paid or tendered the amount specified in the option within the prescribed time.[1] It is clear from the record that the plaintiff failed to tender the sum agreed upon within the time specified in the option. It would thus appear that the trial court erroneously granted the decree of specific performance.

■■ One other aspect of the case requires our consideration. It is the plaintiff's contention here that the appellant, Carl Thompson, has no standing to challenge the findings and decree of the court below. The contention of the plaintiff is that the administrators having elected not to appeal, the decision of the trial court is

1. Coombs v. Ouzounian, 24 Utah 2d 39, 465 P.2d 356; Miller v. Carmody, 152 Colo. 353, 384 P.2d 77; Rude v. Levy, 43 Colo. 482, 96 P. 560, 24 L.R.A.,N.S., 91.

res judicata. The plaintiff made Carl a party to this suit and in the course of the proceedings procured a judgment against him. The rules of procedure provide that an appeal may be taken to this court from all final judgments,[2] and we see no reason why appellant here should not be permitted to challenge the adverse judgment entered against him in the court below.

The decision of the District Court is reversed. Appellant is entitled to costs.

CALLISTER, C. J., and HENRIOD, J., concur.

CROCKETT, Justice (dissenting).

I am unable to see how the main opinion deals with or resolves the controlling issue in this case as it was presented to the lower court, and upon which the case was there decided, and upon which it has been presented to this court on appeal.

That issue was this: Were the actions by and on behalf of the optionor (defendants) such as to repudiate the option and thereby eliminate the necessity of tender?

Upon a plenary trial of the controlling issue just stated, and based upon a substantial foundation in the evidence, the trial court made the following express finding with respect to the quitclaim deed from the father, Russell Thompson, to his son, Carl Ray Thompson:

> The delivery of the same by the administrators * * * and the recording of the same by said Carl Ray Thompson, constituted and *was a repudiation and anticipatory breach* of the plaintiff's option contract. [Emphasis added.]

The general rule on such repudiation derives from situations where an optionor (as defendants) gives an option to another (as plaintiff) to purchase land, then in derogation of that promise *conveys the land away,* or otherwise encumbers it or so acts inconsistent with that promise so as to indicate a clear intent not to perform the option contract.[1] When it is determined that such a situation exists the court can find such conduct to be an anticipatory breach and repudiation of the contract, in which circumstances a tender is not required, because the law does not require the doing of a useless act.[2]

Had the father of the defendants (the optionor) lived, he would have been bound

2. Rule 72, U.R.C.P.

1. Thomas v. Johnson, 55 Utah 424, 186 P. 437 (1919); Evans, et al., v. Houtz, et al., 57 Utah 216, 193 P. 858 (1920).

2. See Romero v. Schmidt, 15 Utah 2d 300, 392 P.2d 37, wherein this court stated

that where the conduct of the obligee would make actual tender a meaningless gesture, an offer to comply with the terms of the contract is sufficient, and no actual tender is required and authorities therein cited; also, Cummings v. Nielson, 42 Utah 157, 169, 129 P. 619, 623; Corbin on Contracts, Vol. 4, § 984.

by the rules stated above; and the defendants claiming through him stand in the same position. The quitclaim deed to Carl was signed and placed in the safety deposit box. After the father died, the deed was taken out of the safety deposit box by the coadministrators; and it was recorded in the name of their brother Carl with their knowledge and consent. The position taken by the defendants at the trial was that the property had thus been conveyed to Carl.[3]

On July 14, 1969, thus three days before July 17 when the option was to expire, plaintiff Lincoln Land notified the real estate agent, Mackey Boley, by letter in unequivocal terms, that:

> * * * we accept the option to purchase * * * according to the terms of the option.

Pursuant thereto Mr. Boley personally delivered on July 17, 1969, to each of the homes of Russell A. Thompson, coadministrator, and defendant, Carl Ray Thompson, and to Heber Grant Ivins, attorney for the estate, a letter, with appropriate salutation, to each of them which stated:

> In accordance with the Option dated March 19, 1969, Lincoln Land and Development Company, a Colorado corporation, hereby gives notice of their intent to exercise their option to purchase the following described property * * *.

> ' [description omitted]

This property has been annexed to American Fork City and is scheduled to be rezoned Commercial on August 11, 1969. We would like to set the final closing on August 15, 1969, at Central Utah Title Company, Provo, Utah.

The option provided that if it were exercised there would be allowed an additional 30 days for closing the transaction. The evidence is that by August 14, and thus four days before the expiration of that additional 30 days, the plaintiff had caused the necessary documents to be prepared and delivered them together with the required $5800 to the title company and thus made them available to the defendants had they been willing to comply with the terms of the contract.

In regard to whether the plaintiff should have made a tender before that time, the trial court adopted the view in harmony with the plaintiff's evidence. The situation was this: If the plaintiff had tendered to the administrators, it would have been a useless act because they had had the deed to Carl recorded; and they took the position that the property belonged to him. On the other hand, if the plaintiff had tendered to Carl, it would have been a useless

---

3. A closely similar case is White v. Ralph, 66 Idaho 38, 154 P.2d 167 (1944). Therein the optionor had divested himself of title by conveying the property to his son; the court held that tender was excused.

act, because, as the trial court held, there had been no delivery of the deed so it was void, and Carl did not own the property.

Mr. Burd, the vice president of plaintiff Lincoln Land, testified that a prior tender was not made because "he did not know who to make it to." The findings of the trial court indicate that he was persuaded by the reasonableness of that explanation. I am unable to see any proper basis in the evidence, or any justification in law, upon which we should disagree with him and rule otherwise as a matter of law. His judgment is grounded upon the sound proposition that where the optionee (plaintiff) has given notice and it appears that he is ready, willing and able to exercise his option, and he has made reasonable efforts to fulfill its requirements, and it appears that this would have been accomplished but for the conduct of the optionor (defendant), the latter should not be allowed to thwart the exercise of the option by his own failure to cooperate.[4]

To my mind it is clear that the trial court was well within the evidence and his prerogatives thereon in his finding that: "The delivery of the same [the deed] by the administrators  *  *  *  and the recording of the same by said Carl Ray Thompson, constituted and was a repudiation and anticipatory breach of the plaintiff's option contract." And also in making these further findings which provide solid support for his judgment:

That pursuant to the terms of said option, and in reliance thereon, the plaintiff  *  *  *  within the time limited in said option, gave due and proper notice to the defendants, and each and all of them, of the acceptance of said option and of intent to exercise the same, and set up a final closing date for the consummation of said sale and purchase as contemplated in said option, and delivered to Central Utah Title Company, as escrow agent, the necessary funds, promissory note, and security instrument required and contemplated by the terms of said option.

\*       \*       \*       \*       \*       \*

That notwithstanding the due and proper and timely exercise of said option by the plaintiff and the tender of the money, promissory note, and security instrument contemplated therein, as aforesaid, the defendants, and each and all of them, have failed, refused, and neglected to consummate said sale according to the terms of said option  *  *  *.

In conformity with what I have said above, it is my opinion that if the evidence, the findings, and the judgment be considered under the traditional rules of review,

4. See Kinberger v. Drouet, 149 La. 986, 90 So. 367; Maughlin v. Perry, 35 Md. 352; and see annotation, 147 A.L.R. 1312, and cases there cited.

**330**

there is no proper basis upon which they can be overturned. I would therefore affirm the judgment.

ELLETT, J., concurs in the dissenting opinion of CROCKETT, J.