508 P.2d 532

**James H. LAMONT and Lotte Lamont, his wife, Plaintiffs and Appellants,**

**v.**

**Ivar Th. EVJEN and Aslaugh S. Evjen, his wife, Defendants and Respondents.**

**No. 13077.**

Supreme Court of Utah.

April 5, 1973.

Morgan, Scalley, Lunt & Kesler, Grant S. Kesler, Robert S. Howell, Salt Lake City, for plaintiffs and appellants.

James A. McIntyre, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

This is an appeal from a judgment rendered in favor of the defendants in an action to foreclose a uniform real estate contract by treating it as a mortgage pursuant to paragraph 16(c), which reads:

> In the event of a failure to comply with the terms hereof by the Buyer, or

upon failure of the Buyer to make any payment or payments when the same shall become due, or within thirty days thereafter, the Seller, at his option shall have the following alternative remedies:

A. . . .

B. . . .

C. The Seller shall have the right, at his option, and upon written notice to the Buyer, to declare the entire unpaid balance hereunder at once due and payable, and may elect to treat this contract as a note and mortgage, and pass title to the Buyer subject thereto, and proceed immediately to foreclose the same in accordance with the laws of the State of Utah, . . .

The contract was signed February 15, 1960, and defendants made regular payments of $110.00 per month to the First Federal Savings & Loan Association as collecting agent for the plaintiffs, the sellers. The payment for December, 1970, was not made until January 4, 1971, and thereafter the defendants as buyers made regular monthly payments. Neither the First Federal Savings, the sellers (plaintiffs), nor the buyers (defendants) knew a payment had been missed for over one year. On February 2, 1972, the chief accountant of the collecting agency wrote a letter to the defendants stating that the payment for December, 1970, had been missed and that all payments subsequent thereto were made late. The letter requested the defendants "to please see if you cannot arrange to bring your contract payments up to date."

Under date of February 29, 1972, the lawyer for the plaintiffs wrote a letter which was delivered to the defendants March 6, 1972. The letter contained the following language:

. . . [I]t is necessary at this time that you bring all past due payments current and begin making payments on the first of each month when they are due. No further periods of delinquincy [sic] will be tolerated.

On March 31, 1972, the plaintiffs mailed a certified letter to the defendants stating that they were electing to treat the uniform real estate contract "as a note and mortgage and foreclose upon the same immediately, the entire unpaid balance becoming due and payable." In their briefs both counsel state that this letter was receipted for by the defendants April 3, 1972.

On April 3, 1972, the defendants tendered all past due installments to the plaintiffs. The evidence does not show whether the tender was made before or after the receipt of the letter by the defendants.

The trial court found as a fact:

1. . . .

2. . . .

3. Plaintiffs had never given defendants notice that a payment had been missed in December of 1970.

And then concluded as a matter of law:

1. Plaintiffs' failure to notify defendants of their default constitutes a material omission in the facts necessary to establish plaintiffs' claims and defendants are entitled to an Order of Dismissal.

In the case of Romero v. Schmidt[1] the question of the effect of a tender upon the right of a plaintiff to foreclose pursuant to the option in a uniform real estate contract was before this court. We there held that a valid tender prevented the plaintiff from foreclosing on the contract as a note and mortgage. See Home Owners' Loan Corporation v. Washington, 108 Utah 469, 161 P.2d 355 (1945); also see 52 Am.Jur., Tender, § 41.

■ Before a seller of land under a uniform real estate contract can exercise any of the options given him because of a failure on the part of the purchaser to pay an installment as promised, he must give the purchaser notice of the default and a reasonable time in which to bring the contract current. The reason for the rule is set forth in 52 Am.Jur., Tender, § 41, as follows:

. . . This is so because the debt does not become due on the mere default in payment, but by affirmative action by which the creditor makes it known to the debtor that he intends to declare the whole debt due. The creditor is entitled to a reasonable time after default in which to exercise the option, but the option itself does not outlive the default. Such acceleration stipulations should be so construed, if possible and consistent with the language employed, as to give the protection intended thereby to both the debtor and the creditor. . . .

The rule is especially applicable in cases like the instant one where the default was overlooked by all parties for some fifteen months.

■ It appears that the plaintiffs failed to establish that they gave notice to the defendants of their election to treat the contract as a note and mortgage prior to a full tender of the amount due. Besides, the defendants were not given a reasonable time in which to make good the delinquent installment.

The judgment of the trial court is affirmed. Costs are awarded to the respondents.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.

1. 15 Utah 2d 300, 392 P.2d 37 (1964).