Collin L. HANSEN, the duly appointed, acting and qualified administrator of the Estate of Bernard Hansen, Deceased, Plaintiff and Respondent,

v.

Della A. CHRISTENSEN, the duly appointed and acting and qualified administratrix of the Estate of Arnold Christensen, Deceased, and Della A. Christensen, Individually, Defendant and Appellant.

No. 14112.

Supreme Court of Utah.

Jan. 29, 1976.

We affirm the judgment. Parties to bear their own costs.

This is an action for specific performance, initiated by the administrator of the estate of the buyer (hereafter plaintiff or buyer) against the administrator of the estate of the seller (hereafter defendant or seller) in her representative capacity, and individually. The contract was engaged in in January of 1958. The contract price was $4,000; the buyer paid $1,200 down and took possession. Annual installments of $900 were to be made January 1st, in the years 1959 and 1960, with a final installment of $1,000, to be made January 1, 1961—all with interest. All taxes and assessments, after January 1, 1958, were to be paid by buyer. In July of 1958, defendant's joint seller died. The annual payment due January 1, 1958, together with $168 interest, was tended to and accepted by defendant, Della Christensen, on September 8, 1959.

In October, 1960, the buyer died, and there was no contact or communication between the parties, until plaintiff went to the home of defendant on October 31, 1962, and offered to make full payment. Defendant refused payment, informed plaintiff the contract was in default and she was repossessing the land. The next day plaintiff left a cashier's check, in the amount of $2,422.02, with First Security Bank, in Brigham City; and defendant received notice the money was available to her, in exchange for a deed.

The trial court found the amount of the cashier's check represented the balance due under the contract, together with taxes and interest, up to November 1, 1962; and since that time, the money had remained available for defendant. The court also found plaintiff to have been in possession of the realty, since the inception of the contract in 1958. Defendants were reimbursed in the amount of $115.47, plus $6.70 interest, for the taxes defendant had paid from 1962 to 1974. Pursuant to stipulation of counsel, the court was to determine a

Omer J. Call, Brigham City, for defendant-appellant.

Walter G. Mann, of Mann, Hadfield & Thorne, Brigham City, for plaintiff-respondent.

MAUGHAN, Justice:

The seller under a written contract for the sale and purchase of realty appeals from a judgment enforcing conveyance.

reasonable attorney's fee if one were to be awarded. Plaintiff was awarded an attorney's fee determined by the court.

Although the contract was not what is known in this jurisdiction as a Uniform Real Estate Contract, it provided that after the continuance of a default for ninety days the seller had a right to exercise three options. The seller could accelerate and foreclose; or enter, take possession, and forfeit the buyer's interest; or take advantage of any other remedy provided by law. All remedies were cumulative.

■ It can be seen that the provisions of the contract, designed to terminate contractual relations, are not self-executing. They require some affirmative act on the part of the seller. Therefore, the contractual relations between seller and buyer are in existence until such time as the seller chooses to notify the defaulting buyer of its election to proceed under one, or all, of its options. In so doing, seller must give the defaulting buyer a reasonable time within which to cure the default. Without this notice the defaulting buyer would not know what to do. He would not have certain knowledge his tenancy was at an end. He could assume that the seller may have waived default, or would elect to enforce the contract rather than forfeit it; or he could assume he would be permitted to perform.[1]

At trial the matter of *Lamont v. Evjen*[2] was cited and considerable reliance placed on the holding in that matter. However, that case dealt with a Uniform Real Estate Contract, a contract which contains provisions significantly different from those in the contract before us.

■■ Here plaintiff made a tender of all sums due under the contract, prior to the exercise of any option by the seller. Seller challenges this tender on the ground it did not meet the requirements of a "present physical offer." The court found a "present physical offer" to pay was refused by seller, and buyer did the next best thing, viz. place on deposit to seller's order a cashier's check, in the total amount due under the contract. After defendant's refusal, it would have been fruitless for the buyer to have included a cashier's check in the letter sent to the seller informing her the money was available. Where the unreasonable conduct of the obligee would make an actual tender a fruitless gesture, an offer to comply with the terms of the contract by the obligor is sufficient.[3]

■ After trial there were some objections to the amount of the tender and the place of delivery. There is nothing in the record to indicate that these objections to the tender were made at the time the tender was made. Our law is that the person to whom a tender is made must, at the time, specify the objections to it, or they are waived.[4]

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. *Leone et al. v. Zuniga et al.*, 84 Utah 417, 34 P.2d 699 (1935).

2. 29 Utah 2d 266, 508 P.2d 532 (1973).

3. *Romero v. Schmidt*, 15 Utah 2d 300, 392 P. 2d 37 (1964).

4. 78–27–3, U.C.A.1953; 74 Am.Jur.2d, Tender, Sec. 10.