## OBRECHT v. NEILSON LAND & WATER COMPANY et al.

No. 2565.    Decided March 27, 1914 (140 Pac. 117).

VENDOR AND PURCHASER—CONSTRUCTION. In 1908 plaintiff agreed to purchase land, one payment to be on delivery of the contract and another on June 1, 1909, and defendants agreed to plant the premises for a commercial peach orchard during the early spring of 1909. The contract also provided that at any time after June 1, 1909, plaintiff, if he should become dissatisfied with the purchase or unable to make further payments, should be entitled to a return of all money paid. *Held* that, where plaintiff made the first payment on delivery of the contract

and part of the second payment before June, 1909, but defendants breached the contract by their failure to plant the trees for a peach orchard, he can recover the payments made; the contract not requiring a second payment for the purchaser to recover the first.

APPEAL from District Court Third District; *Hon. M. L. Ritchie,* Judge.

Action by Joseph A. Obrecht against the Neilson Land & Water Company et al.

Judgment sustaining a demurrer to the complaint. Plaintiff appeals.

REVERSED AND REMANDED.

*C. E. Norton* for appellant.

*George M. Sullivan* for respondent.

### APPELLANT'S POINTS.

Where one contracts to do acts which can be performed, nothing but the act of God or a public enemy, or the interdiction of law as a direct and sole cause of the failure, will excuse the nonperformance. So, in this case, when the defendants failed, neglected, and refused to perform their part of the contract to "set out said premises and plant the same to a commercial peach orchard and care for the same and reset each year all trees that did not live, until a perfect stand of peach trees is had upon said premises, and plant said premises to said peach trees during the early spring of 1909," as provided in said contract, the plaintiff was thereby released from his part of the contract to make the remainder of the payment due in the summer of 1909, after the breach by the defendants. (*Kay v. Barnett,* 21 Utah 239; *Driver v. S. L. & O. Gas Elec. Co.,* 22 Utah 143; *Cooney v. McKinney,* 25 Utah 329; *Teachnor v. Tibbals,* 31 Utah 10; *Guthiel v. Gilmer* 27 Utah 496; *Haskins v. Dern,* 19 Utah 89.)

STRAUP, J.

A demurrer for want of facts was sustained to plaintiff's complaint. On his failure to amend, the action was dismissed. He appeals, and complains of the ruling sustaining the demurrer.

In the complaint it is alleged that the plaintiff and the Little Valley Land Company, on the 3d day of August, 1908, entered into a written agreement, by the terms of which the latter agreed to sell and convey to the plaintiff certain real estate, ten acres fully described, situate in Grand County. A copy of the contract is attached to the complaint and made a part of it. It provides that the consideration to be paid by the plaintiff is $3000, $250 on the delivery of the contract, $250 June 1, 1909, $250 June 1, 1910, $250 June 1, 1911 and $250 June 1, 1912. When such payments are made, the Little Valley Land Company agreed to convey the premises by warranty deed and to take a mortgage back for the balance of the unpaid purchase price. It further agreed to plant the premises "to a commercial peach orchard," and to plant the peach trees "during the early spring of 1909," and to care for and replant them, and to care for and to cultivate the premises, etc., until June 1, 1912. The contract further provides:

"It is further understood between the parties to this agreement that if said second party shall at any time after June 1, 1909, become dissatisfied with his purchase, or through sickness or death cannot make further payments on this contract, then, upon sixty days' notice in writing by himself or his legal representatives given to the first party of the agreement, the said second party can have returned to him all the money that he will have paid to the first party on this contract, together with six per cent. interest."

Then it is alleged that the Little Valley Land Company sold and assigned all its lands and contracts entered into with purchasers, including the plaintiff's, to the defendant Nielson, and that he sold and assigned to the defendant, the Nielson Land & Water Company, but that each expressly agreed to carry out all the contracts of the Little Valley

Land Company, and assumed and agreed to discharge and perform all its liabilities and obligations with respect thereto. It is further alleged that the plaintiff, on the 3d of August, 1908, when the contract was entered into, paid $250, and on the 17th of August of that year paid the further sum of $168, or a total of $418. Then it is alleged:

"That the said defendants have wholly failed, neglected, and refused to keep and perform the agreements hereinbefore set forth, or any part of them, and the defendants have failed, neglected, and refused, and they still fail, neglect, and refuse, to perform any of the covenants in said agreement contained, and they have not cultivated the said premises or any part thereof, and they have not planted the said premises, or any part thereof, to a peach orchard, or in any manner reclaimed or cultivated said premises. That on July 3, 1911, at Salt Lake City, Utah, more than sixty days prior to the commencement of this action, this plaintiff notified the said defendant in writing, by registered mail, and in person, that he had become dissatisfied with such purchase, and that through sickness and death he cannot make further payments on the said agreement of purchase, as therein provided, and the plaintiff then and there demanded that the said defendants return to him all of the money he had paid to said defendants upon the said agreement, to wit, the sum of $418, together with interest thereon at six per cent. per annum from August 17, 1908, until paid, all of which the defendants failed, neglected, and refused to do, and the defendants now refuse to refund the said money or any part thereof and the defendants refuse to perform said agreement and plant the said premises to orchard, as agreed to, or to permit plaintiff to have possession of said premises or any part thereof." It is further alleged that all of the defendants are insolvent.

The demurrer was sustained on the theory that, by the first quoted provision of the contract, the plaintiff could not maintain an action for the recovery of any moneys paid by him, unless he had made at least two full payments, one of

$250 on the execution of the contract, and the other $250 on
or before June 1, 1909; and since the allegations of the com-
plaint show that such payments were not so made, the allega-
tions being that he paid $250 on the execution of the con-
tract the 3d of August, 1908, and on the 17th of that month
an additional sum of $168, he had not himself performed,
and could not recover back any of the moneys paid by him.
We think the ruling wrong. The Little Valley Land Com-
pany agreed to plant the premises in trees "during the early
spring of 1909." It is alleged the defendants did not do
that, did nothing, and wholly failed and refused to perform
any of the covenants and agreements of the contract on their
part to be performed. The plaintiff was required to make
the second payment of $250 on June 1, 1909. He did not
fully do that. But it is alleged the defendants breached the
contract and wholly failed and refused to do anything to-
wards cultivating or improving the premises or planting the
trees, before the plaintiff was required to make the second
payment.

Then the plain terms of the contract are: If he "shall at
any time after June 1, 1909, become dissatisfied with his
purchase," he, on sixty days' notice, "can have returned to
him all the money that he will have paid" on the contract.
Does this mean that to entitle him to recover back the first
payment, he must also fully pay the second? That if he had
fully paid the second on the 1st of June, 1909, then on the
2d of June he could have maintained an action to recover
back all that he had paid; but since he did not fully pay the
second he is not entitled to recover anything? That is not
what the contract means—pay to-day so that he may sue to-
morrow to recover it back. The language used does not
require the doing of any such vain thing as that, especially
as to the insolvent defendants, who, as is alleged, failed and
refused to do anything, and committed breaches of the con-
tract before the plaintiff was required to make the second
payment. The obvious meaning of the contract is that, if
the plaintiff, at any time after June 1, 1909, became dis-
satisfied, he, on sixty days' notice, was entitled to have back

all moneys paid by him on the contract, together with six per cent. interest. No other conditions are imposed by the contract, and no other may be imposed by the court.

We think the complaint states a cause of action, and that the court erred in sustaining the demurrer.

The judgment is reversed, and the case remanded, with directions to reinstate the case, to overrule the demurrer, and give defendants five days to answer. Costs to appellant.

McCARTY, C. J., and FRICK, J., concur.