### THACKERAY v. KNIGHT et al.

No. 3477.  Decided July 21, 1920.  Rehearing denied September
1, 1920.  (192 Pac. 263.)

1.  VENDOR AND PURCHASER—EASEMENT IS AN "INCUMBRANCE."
Where a contract contemplated title free from incumbrance,
an easement for a pipe line over the premises is an incum-
brance.

2.  VENDOR AND PURCHASER—PURCHASER MAY RESCIND BECAUSE OF
DEFECTIVE TITLE.  Under Comp. Laws 1917, section 4874, an
executory contract with respect to realty may not be rescinded
or discharged, unless by act or operation of law, where neither
party is in default without a written agreement between the
contracting parties, but where the vendor was unable to con-
vey title free from incumbrances as agreed the purchaser may,
for that reason, rescind.[1]

3.  SPECIFIC PERFORMANCE—PURCHASER, DEMANDING RETURN OF
MONEY, CANNOT OBTAIN.  Where a purchaser of land, on find-
ing the vendors unable to convey title free from incumbrance,
the property being subject to an easement, notified the vendors
of his rescission, and demanded return of the amount paid, he
cannot thereafter, on changing his mind, obtain specific per-
formance.

Appeal from District Court, Second District, Morgan
County; A. E. Pratt, Judge.

Suit by George Thackeray against Elizabeth A. Knight
and others.  From a judgment and decree for defendants,
plaintiff appeals.

AFFIRMED.

John C. Davis and Joseph E. Evans, both of Ogden, for
appellant.

---

[1] Citing Cutwright v. Savings & Inv. Co., 33 Utah, 493, 94 Pac.
984, 14 Ann. Cas. 725; Pool v. Motter, 55 Utah, 288, 185 Pac. 715;
Obrecht v. Neilson Land & Water Co., 44 Utah, 270, 140 Pac. 117.

*N. V. Jones*, of Salt Lake City, *P. M. Condie*, of Idaho Falls, Idaho, and *George Halverson*, of Ogden, for respondents.


CORFMAN, C. J.


Plaintiff brought suit against the defendants in the district court of Morgan county, Utah, for the specific performance of a written agreement entered into by defendants Elizabeth Ann Knight, Mary Jane Wickle, and Agnes Irene Adkins with the plaintiff for the conveyance of real estate and water stock which the said defendants had subsequently thereto contracted to convey to the defendant Gibson A. Condie.

Briefly stated, it was alleged ·by the complaint that on February·28, 1918, the said defendants Knight, Wickle, and Adkins by said contract agreed to sell and the plaintiff agreed to purchase certain real property specifically described, with certain shares of water stock, situated in Morgan county, Utah, for a consideration of $1,500, payable in installments, to wit, $1,000 cash on the execution of the agreement and the remaining sum $500, on or before April 1, 1918; that upon full payment of the purchase price the said defendants agreed to execute and deliver to the plaintiff or his assigns a warranty deed for the real property and an order for the transfer of the water stock; that pursuant to said agreement the plaintiff paid the said $1,000 installment of said purchase price, entered into possession of, and ·has ever since retained possession of, said property, and has at all times been ready and willing to pay, and now comes into court and tenders payment of the balance of said purchase price; that without the knowledge, consent, or acquiescence of the plaintiff said defendants, on or about May 13, 1918, made a deed of conveyance for said property to the defendant Gibson A. Condie; that notwithstanding said conveyance the said defendants Knight, Wickle, and Adkins were at all times since, and now are, able to transfer to the plaintiff a good and sufficient title to said property. Prayer was that it be

decreed that said property be deeded to and quieted in the plaintiff and for general equitable relief.

The said defendants Knight, Wickle, and Adkins answered the complaint, and, among other things, not material here, admitted the execution of the agreement sued upon, and affirmatively alleged that said written contract did not contain all the terms and conditions agreed upon between the said defendants and the plaintiff; that as a condition precedent to said sale of the property plaintiff demanded the removal of a certain incumbrance or easement in the way of a water pipe line over the real estate, which easement was claimed by one John E. Condie, and that upon the failure of such removal and a discharge of said incumbrance it was orally agreed between the parties that the transaction was to be terminated and the $1,000 of the purchase price paid in pursuance of the contract was to be returned to the plaintiff.

As a further defense said defendants alleged that shortly after the payment of the $1,000 installment referred to in the complaint, plaintiff rescinded said contract, for the reason that defendants were unable to remove and discharge the said easement claimed by the said John E. Condie, and that they, the said defendants, acquiesced in such rescission, and offered to return to plaintiff the $1,000 which had theretofore been paid by him on the purchase price of said premises, and that they thereafter, acting in pursuance of such rescission, conveyed the premises to the defendant Gibson A. Condie.

The answer of the defendant Condie was practically to the same effect as the other defendants' answer, with the additional allegation that he purchased the property not knowing of any claims of plaintiff in the same; that he made said purchase at a time when the plaintiff was not in possession of the property, and that he had paid to the defendants Knight, Wickle, and Adkins the full purchase price therefor.

Plaintiff demurred to the answers of the defendants, and also moved to strike the allegations therein contained with respect to said written contract not containing the entire

agreement between the parties and the rescission thereof.

Upon said demurrers being overruled and the motion to strike being denied by the court, the plaintiff filed his replies to the answers, denying that he rescinded the contract, and also affirmatively alleging that the "alleged agreement of rescission, not being in writing, was void under the provisions of section 4874, Comp. Laws Utah 1917."

After a trial to the court the issues were found in defendants' favor. Plaintiff appeals.

Some twenty-eight errors are assigned as grounds for reversal of the judgment and decree of the district court. All of the errors assigned, however, go to the rulings of the trial court as to the sufficiency of the defendants' answers and the court's findings bearing on the question as to whether or not, as a matter of law, the alleged conduct of the plaintiff after the contract had been entered into was such as to legally constitute a rescission. For convenience we will hereafter treat the answers of the defendants as one, and without discrimination. The errors assigned and complained of by plaintiff will be discussed and passed upon without special reference to the effect they may have upon the respective interests of the defendants as pleaded or as shown under the facts and circumstances disclosed by the evidence.

The plaintiff contends that the contract sued upon was complete in itself; that the court committed error in not sustaining the plaintiff's demurrer and motion to strike, directed against the defendants' answers, and in the admission of evidence, over objection, tending to prove an oral rescission of the contract by the plaintiff, in view of the provisions of section 4874, Comp. Laws Utah, 1917, which reads:

"No estate or interest in real property, other than for leases for a term of not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise, than by act or operation of law, or by a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same or by his lawful agent thereunto authorized by writing."

The facts were pleaded in the answers, and the trial court

found from the evidence received upon the hearing of the case as follows:

"(2) At the time of the execution of said contract, and for some time prior thereto, there existed upon said premises a certain pipe line, running across one of said parcels of land from a certain spring thereon to the home of one John E. Condie, through which the water of said spring was conducted to and for the use of said John E. Condie; and at the time of the execution of said contract, the plaintiff demanded of the defendants that they should cause said pipe line to be removed from said premises, and the said defendants thereupon undertook to cause said pipe line to be removed, and thereuupon notified the said John E. Condie to remove the same, but the said John E. Condie failed and refused to remove said pipe line, or to discontinue the use of the water of said spring, and on the 20th day of March, 1918, the plaintiff demanded of said defendants the immediate removal of the said pipe line or the return to him of the money paid by him to the said defendants on said contract of purchase, and the defendants again failed to procure the said John E. Condie to remove said pipe line or discontinue the use of the water from said spring, and the plaintiff, on the 7th day of April, 1918, notified said defendants that he would not take said property, and then and there demanded of them the return to him of the money so paid by him as aforesaid, and so in such manner rescinded said contract."

"(3) That on the 8th day of April, 1918, the said defendants informed their codefendants Gibson A. Condie of the contract which they and the plaintiff had heretofore entered into, and of the demand made by the plaintiff for the return to him of the money so paid by him on said contract, and then offered to sell said lands to their said codefendant Gibson A. Condie for the sum of $1,500, and thereafter, on the 10th day of April, 1918, the said defendants Elizabeth Ann Knight, Mary Jane Wickle, and Agnes Irene Adkins and their codefendant Gibson A. Condie, entered into a written contract whereby the said defendant Gibson A. Condie undertook and agreed to purchase said lands, and his codefendants undertook and agreed to sell said lands to him for the said sum of $1,500, upon which purchase price the said defendant Gibson A. Condie then paid to his said codefendants the sum of $500.

"(4) That on the 9th day of April, 1918, the defendants Elizabeth Ann Knight, Mary Jane Wickle, and Agnes Irene Adkins deposited with the Zions Savings Bank in Salt Lake City, to the credit of the plaintiff, the sum of $1,000, and notified the plaintiff that said bank would return to him the purchase money paid by him, and directed him to forward his contract to said bank, and

the said bank would pay to him the amount of money theretofore paid by him to said defendants on said contract of purchase.

"(5) That thereafter, on the 4th day of May, 1918, the plaintiff notified the said defendants Elizabeth Ann Knight, Mary Jane Wickle, and Agnes Irene Adkins that he would insist upon their performance of the contract entered into between them, and demanded that they perform said contract, and then and there offered in writing to pay to them the balance of the purchase price aforesaid, regardless of the existence on said lands of said pipe line; and the said defendants thereupon informed the plaintiff of the existence of the contract which they, upon the 10th day of April, 1918, had entered into with the said defendants, Gibson A. Condie, and the plaintiff informed the said defendants in reply thereto that he did not intend to make them any trouble.   Thereafter, on the 13th day of May, 1918, the said defendants executed and delivered to their codefendant Gibson A. Condie a warranty deed, whereby they conveyed said lands to him, and he thereupon paid to them the balance of the purchase price which he had undertaken to pay."

We are convinced after a review of the record that the trial court's findings are amply supported by the evidence.

It appears beyond dispute that by the terms of the contract between the parties the plaintiff was entitled to a conveyance of the property by a warranty deed.   That was to impliedly say a title free and clear of all incumbrance.

It is an admitted fact that the property was incumbered by a pipe line owned or claimed by John E. Condie, a third party.   The defendants failed to have the pipe line removed from the premises.   Thereupon, although there is some conflict in the evidence on this point, the plaintiff asserted he would not take the property, and on at least two occasions, March 20th and April 7th, demanded the money back which he had paid under the contract.   The court so finds, and we think the great weight of the testimony justifies this finding.

Acting on the plaintiff's representation that he would not take the property and the demand made for a return of the money, the defendants Knight, Wickle, and Adkins thereupon proceeded to negotiate with, and entered into a contract on April 10th for the sale of the property to, Gibson A. Condie for $1,500.   That this contract was entered into in good faith

by the defendants Knight, Wickle, and Adkins, they believing and relying on the representations of the plaintiff that he would not take the property, and that he wanted his money returned, there can be no doubt from the facts and circumstances as detailed by the record.

Immediately after the contract had been entered into with Gibson A. Condie the said defendants advised the plaintiff that they had raised the necessary funds to return to him his money; that it had been deposited in a Salt Lake City bank, where he could call and get it upon surrender of his contract. Not until after the defendants had thus placed themselves in a position, by reason of their acting on plaintiff's representation that he would not take the property and a demand for the return of his money, did the plaintiff announce his purpose of requiring performance of the contract of sale with him.

As a legal proposition, there can be no doubt but that an executory contract with respect to real property may not be rescinded nor discharged, unless by act or operation of law, where neither party is in default without some form of written agreement entered into between the contracting parties. Our statute (section 4874, supra), is to that effect, and the following cases, cited and relied on by plaintiff, so hold: *Barrett* v. *Durbin,* 106 Ark. 332, 153 S. W. 265; *Woolen* v. *Sloan,* 94 Wash. 551, 162 Pac. 985; *Grunow* v. *Salter,* 118 Mich. 148, 76 N. W. 325; *Flinner* v. *McVay,* 37 Mont. 306, 96 Pac. 340, 19 L. R. A. (N. S.) 879, 15 Ann. Cas. 1175; *Carr* v. *Williams,* 17 Kan. 575; *Bennett* v. *Harrison,* 115 Minn. 342, 132 N. W. 309; *Brown* v. *Brown,* 194 Mich. 57, 161 N. W. 823; *Cutwright* v. *Savings & Inv. Co.,* 33 Utah, 493, 94 Pac. 984, 14 Ann. Cas. 725. But where there is a breach or abandonment of a contract by either party, the rule as held by the great weight of authority is otherwise. There can be no question but that the defendants had defaulted under their contract in failing to remove the incumbrance of a pipe line upon the real property. The plaintiff had a right to demand its removal because the defendants had contracted to transfer to him the property un-

incumbered and without defect, when they agreed to convey by warranty deed. The defendants being in default in that regard, the plaintiff had a legal right to rescind the contract without the consent of the defendants in writing or otherwise. 24 Am. & Eng. Enc. (2d Ed.) 643; 39 Cyc. 1408, 1404; 2 Black on Rescission, section 560; 13 C. J. 601, section 624; *Pool* v. *Motter,* 55 Utah 288, 185 Pac. 715; *Obrecht* v. *Neilson Land & Water Co.,* 44 Utah, 270, 140 Pac. 117.

We cannot conceive of a more effective way for a party to rescind a contract than that used by plaintiff in the present instance—asserting that he did not intend to take the property and demanding a return of his money. Then, again, under the facts and circumstances, there are equitable principles involved that we think estop the plaintiff from insisting on a specific performance of the contract now under consideration.

As pointed out the defendants Knight, Wickle, and Adkins, in contracting with and by accepting the defendant's Condie's money, placed themselves in a position whereby they are now unable to perform their contract with the plaintiff. This was done without knowledge on the part of the defendant Condie, and by reason of the plaintiff leading them to believe that he would not take the property, and by making a demand for a return of his money. As a matter of equity one party may not induce another by his representations and demands to act to his prejudice, and then complain of the other's conduct, when he has thus performed in good faith and with good intentions.

The law applicable to the facts and circumstances of this case was quoted with approval in the opinion of Mr. Justice Frick in *Cutwright* v. *Savings & Inv. Co.,* supra, from 2 Warvelle on Vendors (2d Ed.), which reads:

"It has been held in some of the earlier cases that an agreement to rescind is as much an agreement concerning land as the original contract, and hence should be in writing; but all the later cases, both in England and the United States, are unanimous in affirming that a contract in writing, and by law required to be in writing, may in equity be rescinded by parol, and this even though the contract may have been under seal. Such re-

Appeal from First District

scission may be effected, not only by an express agreement, but by any course of conduct clearly indicating a mutual assent to the termination or abandonment of the contract. It may consist either of words or acts, and all the circumstances attending may be shown to prove intention; but if evidenced by acts alone they must be such as leave no doubt as to such intention."

For the reasons stated, we are of the opinion that the conduct of the plaintiff was such as a matter of law to amount to a rescission of the contract sued upon. The defendants Knight, Wickle, and Adkins in good faith acted upon and treated plaintiff's conduct as a rescission, and thereupon placed themselves in a position in which they were unable to perform. The defendant Condie entered into his contract with the defendants, and paid his money to them also without knowledge that the plaintiff would demand performance of his contract, all resulting from the acts of the plaintiff in declaring that he would not take the property, and by demanding a return of his money. Under these circumstances the trial court was, in our opinion, fully justified in withholding from the plaintiff a decree of specific performance.

It is therefore ordered that the judgment and decree of the district court be affirmed, with costs to the defendants.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.