'Maurice W. SMITH and Anita L. Smith, his wife, Plaintiffs and Respondents,

v.

Beth PEARMAIN, Defendant and Appellant.

No. 14163.

Supreme Court of Utah.

April 19, 1976.

---

Arthur H. Nielsen & Randall L. Romrell, Nielsen, Conder, Henriod & Gottfredson, Salt Lake City, for defendant and appellant.

Graham Dodd, Kirton, McConkie, Boyer & Boyle, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Chief Justice:

Appeal from a judgment rescinding a real estate contract for representations made by defendant seller through a real estate agent, that proved not to be factual.[1] Affirmed, with no costs.

The property, situate in Salt Lake City, was listed with a real estate agent. It was being used as a duplex, which, after sale, was found to be violative of the local zoning ordinances, and structures to the rear were used by tenants in violation of the ordinances, all without any evident complaint and no doubt without knowledge of local authorities. The real estate agent listed the property in a newspaper, representing that these unauthorized uses were available and valuable assets in assessing the sale price. Plaintiffs, California residents, read the ad and on the strength of such representations, bought it, and thereafter the plaintiffs were notified of the unlawful use and the tenants were notified by the city to vacate the portions of the property they were renting. This suit followed and rescission was granted and defendant's counterclaim to foreclose dismissed.

The variances (which on paper seemed to be minor but actually substantial at the time), and the use of the residence as a duplex, stemmed from events commencing in 1930, which provoked this court to comment as it does in footnote 1, supra.

Appellant's counsel urges that the facts here[2] are insufficient to satisfy the necessary grounds for rescission, and the quality of proof interdicted in *Pace v. Parrish*,[3] (to which we refer without necessity to repeat its language here),—with which urgence we are compelled to disagree.

Without detailing the facts any further than has been done above, we are of the opinion that anything recited from the record in addition would be supportive of our conclusion that the trial court's judgment was not in error, and that it was arrived at correctly by the application of sound equitable principles,—and we so hold.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

ELLETT, J., concurs in the result.

---

1. This is a case where relief was justified, perhaps, also on the ground of mistake because of a long period of time during which there was an unauthorized use of the property created by a couple of variances that were granted, but exceeded, because of changes in title and use of the property by tenants without prudent inquiry. Bad faith does not seem to have been indulged by anyone.

2. Which understandably were chosen and mentioned in the brief in a light more favorable to appellant's contention.

3. 122 Utah 141, 247 P.2d 273 (1952).