**Thomas J. BERGSTROM, Plaintiff and Respondent,**

v.

**Ray G. MOORE and Bonnie Moore, Defendants and Appellants,**

v.

**MT. VIEW TITLE & ESCROW CO., INC., a Utah Corporation, Third-Party Defendant.**

No. 18656.

Supreme Court of Utah.

Feb. 2, 1984.

Craig Adamson, Salt Lake City, for defendants and appellants.

Michael F. Olmstead, Ogden, for plaintiff and respondent.

Richard K. Spratley, Bountiful, for third party defendant.

DURHAM, Justice.

The appellants seek reversal of an order granting summary judgment to the respondent in his action for rescission of a Uniform Real Estate Contract. The issue is whether appellants' failure to except certain easements from the property description in the warranty deed, placed in escrow pursuant to the Uniform Real Estate Contract, gave respondent the right to rescind as a matter of law. We affirm.

The following material facts were established before the trial court. In July 1981, the parties entered into a Uniform Real Estate Contract and the appellants (the sellers) deposited into escrow a warranty deed for the property, which deed was to be delivered to the respondent upon payment in full of the contract. The property description on both the Uniform Real Estate Contract and the warranty deed contained no exceptions to the title. There were in fact three separate sewer and utility easements on the property, two of which were substantial in the amount of land area affected. There is a dispute between the parties as to whether the existence of any of these easements was ever disclosed to the respondent, but we find that dispute to be immaterial for purposes of summary judgment.

Section 57-1-12 of the Utah Code specifies the effect of a warranty deed as follows:

> Such deed when executed as required by law shall have the effect of a conveyance in fee simple ... with covenants from the grantor ...; that the premises are free from all encumbrances; ....
> Any exceptions to such covenants may be briefly inserted in such deed following the description of the land.

An "encumbrance," as used in this section, is any right that a third party holds in land which constitutes a burden or limitation upon the rights of the fee title holder. *Brewer v. Peatross*, Utah, 595 P.2d 866

(1979); *Boothe v. Wyatt,* 54 Utah 550, 183 P. 323 (1919). There is no question that the easements involved in this case [1] constitute encumbrances within the meaning of the statute. Even if respondent knew of some of the easements (as claimed by appellants), mere knowledge of encumbrances of this nature would not be sufficient to exclude them from the operation of the statutory covenant against encumbrances. *Jones v. Grow Investment & Mortgage Co.,* 11 Utah 2d 326, 358 P.2d 909 (1961). Furthermore, it is undisputed that respondent had no knowledge or notice of at least one of the easements.[2]

█ The respondent's position is that appellants' failure to list the encumbrances in the warranty deed breached the statutory covenant against encumbrances, thus entitling him to rescission. Appellants rely upon *Neves v. Wright,* Utah, 638 P.2d 1195 (1981), for the proposition that "[a] warranty deed placed in escrow creates no warranties until the conditions of the escrow are met and the deed delivered." *Id.* at 1199. Notwithstanding the fact that no breach of the covenant against encumbrances will occur until the deed is actually delivered, the fact that the deed in escrow fails to except the easements on the land demonstrates that the appellants will be unable to fulfill their contractual obligation to convey title, as set forth in the deed, upon payment of the contract. This precise circumstance was discussed in *Neves:*

> The rule that a seller of real estate need not have title at all times during the executory period of a contract, is not designed to favor sellers over buyers; rather, the purpose is to enhance the alienability of real estate by providing necessary flexibility in real estate trans-

actions. Nevertheless, it is essential that in every case there be a close scrutiny of the facts, and the rule must be carefully applied to avoid unfairness, sharp practice, and outright dishonesty. Accordingly, the rule is not without limitation. If it plainly appears that a seller has lost or encumbered his ownership so that he will not be able to fulfill his contract, he cannot insist that a buyer continue to make payments. *Marlowe Investment Corp. v. Radmall,* 26 Utah 2d 124, 485 P.2d 1402 (1971); *Tremonton Investment Co. v. Horne,* 59 Utah 156, 202 P. 547 (1921); *Foxley v. Rich,* [35 Utah 162, 99 P. 666 (1909)].

*Id.* at 1198. As it plainly appears that the unexcepted encumbrances on appellants' title are irremediable and that appellants will not be able to fulfill their contract to convey title as described in the warranty deed, rescission is an appropriate remedy. *Id.* at 1199. *See also Smith v. Permain,* Utah, 548 P.2d 1269 (1976); *Thackeray v. Knight,* 57 Utah 21, 192 P. 263 (1920).

Appellants also take issue with the amount awarded respondent by way of restitution. However, as the parties apparently agreed in the trial court on the figure representing amounts paid by respondent less rental value, this argument appears merely to be a restatement of appellants' claim that damages rather than rescission should have been awarded. We have rejected that claim and affirm the judgment of the trial court in all respects. Costs to respondent.

HALL, C.J., and STEWART, OAKS and HOWE, JJ., concur.

---

1. Those easements are: (1) a 5-foot drainage and utility easement over the three boundaries of the property not fronting the street (normal utility easements); (2) a 42.5-foot easement transversing the east side of the property in favor of South Ogden City for operation and maintenance of an outfall sewer line; and (3) a 30-foot easement transversing the north side of the property in favor of the Weber Basin Water Conservancy District, beneath which lies a 36-inch water line serving the culinary and irriga-

tion needs for a portion of South Ogden City and Riverdale.

2. Appellants' evidence in opposition to the motion for summary judgment supported the claim that the closing agent went over a title report with respondent prior to closing, which report listed certain of the easements in question, but omitted any mention of the 30-foot Weber Basin Conservancy District easement discussed in n. 1, *supra.*