1999 UT App 207

Ellen **ANDERSON,** as personal representative of the Estate of D.C. Anderson; Dan Scott; Ellen Anderson, personally; and Jeanne Scott, Plaintiffs, Appellees, and Cross appellants,

v.

Eugene E. **DOMS** and Michael R. McCoy, Defendants, Appellant, and Cross appellee.

No. 971762–CA.

Court of Appeals of Utah.

June 24, 1999.

Larry R. Keller, Keller & Lundgren Lc, Salt Lake City, for Appellant.

Irving H. Biele and Curtis C. Nessett, Nygaard, Coke & Vincent, Salt Lake City, for Appellees.

Before GREENWOOD, Associate P.J., and BENCH and DAVIS, JJ.

## OPINION

GREENWOOD, Judge:

¶1 Defendant Eugene E. Doms appeals for the second time the trial court's denial of his request to rescind a real estate contract. Plaintiffs Ellen Anderson and Dan and Jeanne Scott cross-appeal, arguing, among other things, that the doctrine of laches bars recission of the contract.[1] Both parties appeal the trial court's award of attorney fees and costs. We reverse and remand.

1. Because the resolution of whether laches bars rescission in this case is dispositive, we do not address plaintiffs' alternative arguments.

2. Before purchasing the property, Doms was aware of the existence of several roads and sheds

## BACKGROUND

¶2 In March 1982, plaintiffs Dan and Jeanne Scott, Ellen Anderson, and D.C. Anderson, Ellen Anderson's now deceased husband, sold a parcel of property known as Rossi Hills (the property) in Park City, Utah, to Doms and Michael R. McCoy for residential development. In connection with this sale, plaintiffs executed a Warranty Deed that included a covenant against encumbrances. Doms and McCoy executed a Trust Deed and Trust Deed Note to secure payment of the balance owed on the purchase price of $194,250. Doms and McCoy also acquired an interest in a parcel adjoining the property known as the "slipper parcel." McCoy no longer has any interest in the property and is not involved in this appeal.

¶3 In late 1984 or early 1985, Doms's attorney informed him that several encroachments and easements existed on the property.[2] As a result, Doms did not make the scheduled payments on the property and attempted to deed the property back to plaintiffs in return for cancellation of the Trust Deed Note. Plaintiffs did not respond to this offer and, in June 1985, filed a complaint seeking to foreclose on the property. Two years later, plaintiffs obtained a default judgment against Doms and McCoy because they failed to file an answer in response to plaintiffs' complaint. Nine days after entry of the default judgment, Doms filed an answer and counterclaim to plaintiffs' complaint. Approximately four months later, the trial court entered an order setting aside the default judgment against Doms on the condition that Doms pay all attorney fees incurred by plaintiffs in obtaining the default judgment. However, the court reserved a final ruling on the award of these fees until final disposition of the case on the merits.

¶4 In May 1987, the property was sold to Summit County in a foreclosure sale for the nonpayment of property taxes. At that time, title to the property was held by Domcoy, a corporation formed by Doms and McCoy, to

on the property. However, according to Doms, it was not until approximately two years after the purchase of the property that he learned of the legal significance of the encumbrances on the property.

which they had transferred their interest in the property. After Doms paid all delinquent taxes, penalties, interest, and costs, Summit County conveyed the property to Domcoy by quitclaim deed. Domcoy then conveyed the property to Doms.[3] In the meantime, plaintiffs had filed another action challenging the tax sale and subsequent purchase of the property by Summit County, seeking to quiet title to the property in their favor. Upon stipulation of Summit County, plaintiffs, and Doms, the trial court set aside the tax sale.

¶ 5 In early 1988, Doms amended his counterclaim, seeking rescission of the contract or, in the alternative, damages for breach of implied covenants, breach of contract, fraud, and misrepresentation. In 1990, the trial was bifurcated and a three day trial was held on the issue of rescission of the contract. Plaintiffs argued, on the basis of laches, that Doms was prohibited from rescinding the contract because there was an unreasonable delay between the time Doms learned of the basis for rescission and his attempt to rescind the contract. The trial court subsequently issued a Memorandum Decision, finding that because Doms unreasonably delayed seeking rescission, laches barred rescission of the contract.

¶ 6 The remainder of the trial focused on the issue of whether Doms was entitled to damages as a result of the encumbrances on the property. The trial court also held a hearing on the issue of attorney fees. In its Second Amended Findings of Fact and Conclusions of Law and Second Amended Judgment, the trial court, based upon laches, denied Doms's request for rescission and awarded Doms $83,000 in damages as a result of the encumbrances on the property and $101.50 in costs. The trial court also awarded $41,333.20 in attorney fees and costs, plus interest, to plaintiffs.

¶ 7 Both parties appealed the trial court's decision on several grounds. This court subsequently issued an unpublished Memorandum Decision holding that the trial court

improperly applied the doctrine of laches to bar rescission of the contract without first entering findings of fact regarding whether plaintiffs were prejudiced by Doms's delay in seeking rescission. *See Anderson v. Doms,* No. 920653–CA, slip op. at 2–3 (Utah Ct.App. Nov. 4, 1994) (unpublished mem. decision). Consequently, this court remanded the case to the trial court for further findings on the issue of prejudice, stating, "If the trial court cannot find from the evidence presented that the [plaintiffs] were prejudiced by the delay, the equitable doctrine of laches should not bar the remedy of rescission." *Id.* On remand, the trial court again refused to rescind the contract, concluding plaintiffs were prejudiced by Doms's delay in seeking rescission. This appeal followed.

## ISSUES AND STANDARDS OF REVIEW

¶ 8 Doms argues he is entitled to rescission because the trial court's findings on remand do not support its conclusion that plaintiffs were prejudiced by his delay in seeking rescission of the contract. *See Borland v. Chandler,* 733 P.2d 144, 147 (Utah 1987) ("To successfully assert a laches defense, a [party] must establish both that the [other party] unreasonably delayed in bringing an action [to rescind the contract] and that the defendant was prejudiced by that delay." (citing *Papanikolas Bros. Enter. v. Sugarhouse Shopping Ctr. Assocs.,* 535 P.2d 1256, 1260 (Utah 1975))). Although the determination of whether a party was prejudiced for purposes of the doctrine of laches is a legal conclusion that we review for correctness, we will not set aside a trial court's findings of fact underlying that conclusion unless they are clearly erroneous. *See Sweeney Land Co. v. Kimball,* 786 P.2d 760, 761 (Utah 1990).

¶ 9 Doms also challenges the trial court's award of attorney fees and costs. Whether attorney fees are recoverable is a question of law which we review for correctness. *See Valcarce v. Fitzgerald,* 961 P.2d 305, 314 (Utah 1998) (citing *Robertson v.*

---

**3.** On remand, the trial court found that the conveyance of the property from Summit County to Doms after the tax sale resulted in Doms holding "clear title to the property." Therefore, plain-

tiffs' arguments premised on the contention that Doms did not hold title to the entire parcel are without merit.

*Gem Ins.*, 828 P.2d 496, 499 (Utah Ct.App. 1992)). The sufficiency of a trial court's findings supporting an award of attorney fees is also reviewed under a correction-of-error standard. *See id.* Finally, although trial courts are normally afforded broad discretion in determining what constitutes a reasonable fee, *see id.*, such an award " 'must be based on the evidence and supported by findings of fact.' " *Salmon v. Davis County*, 916 P.2d 890, 893 (Utah 1996) (quoting *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 268 (Utah 1992)).

## ANALYSIS

### I. Findings of Fact

¶ 10 In challenging the trial court's findings of fact, Doms argues he should be relieved of his burden to marshal the evidence because of the inadequacy of the trial court's findings. *See Woodward v. Fazzio*, 823 P.2d 474, 477 (Utah Ct.App.1991) ("There is, in effect, no need for an appellant to marshal the evidence when the findings are so inadequate that they cannot be meaningfully challenged as factual determinations."). We agree. Because the findings Doms challenges are either unsupported in the record or do not support the conclusion that plaintiffs were prejudiced, we agree that Doms is, for the most part, relieved of the marshaling requirement. We therefore address Doms's specific challenges to the trial court's findings of fact.

### A. Finding 10a[4]

¶ 11 Finding 10a provides that plaintiffs were prejudiced because Doms has an inter-

est in the slipper parcel and would likely refuse to cooperate with plaintiffs in developing the adjoining property. However, plaintiffs do not dispute that Doms's interest in the slipper parcel was extinguished at a tax sale. Because this finding is inaccurate and without record support, it is clearly erroneous and has no relevance to the issue of prejudice.

### B. Finding 10b[5]

¶ 12 Finding 10b states that plaintiffs were prejudiced as a result of Doms's failure to pay taxes on the property. However, we cannot see how failure to pay property taxes prejudiced plaintiffs. Doms ultimately paid the taxes and regained title to the property. Further, all parties stipulated that the tax sale was void and that plaintiffs' trust deed was a valid lien on the property. Thus, finding 10b does not support the trial court's conclusion that plaintiffs were prejudiced by Doms's delay.

### C. Findings 10c[6] and 10d[7]

¶ 13 Findings 10c and 10d both state that Doms's delay in seeking rescission resulted in the unavailability of witnesses. Although it is true that one party to the original transaction, D.C. Anderson, had died and other witnesses may have become unavailable or forgotten information relevant to the sale of the property, these findings do not demonstrate that plaintiffs were deprived of any specific evidence or testimony or how lack of that evidence would adversely affect plaintiffs. Because Findings 10c and 10d are conclusory and do not include any informa-

---

4.  Finding 10a states:

> Doms had the use and benefit of the property to the exclusion of the plaintiffs. He purchased the slipper parcel and attempted to formulate a plan for a three-parcel integrated development, but was unsuccessful. The plaintiffs are now foreclosed from developing an integrated development because Doms has an interest in the slipper parcel and the likelihood of Doms['s] cooperation with the plaintiffs in an integrated development is remote.

5.  Finding 10b states: "Doms failed to pay the property taxes for the years 1982, 1983, 1984, 1985 and 1986, which resulted in a tax sale and

required the plaintiffs to initiate legal action to clear the title."

6.  Finding of fact 10c states: "D.C. Anderson, one of the principals in the transaction, died while Doms was in possession of the property, thus making it impossible to elicit testimony from the decedent."

7.  Finding of fact 10d states: "Doms['s] delay of more than six (6) years before he sought to rescind the transaction adversely affected the plaintiffs' opportunity to resolve the encroachment and easement problems because witnesses would be unavailable and memories are dimmed by the lapse of time."

tion about testimony that plaintiffs could not elicit as a result of the delay, these findings do not support the trial court's conclusion of prejudice.

¶ 14 Finding 10d also states that plaintiffs were prejudiced because Doms's delay prevented them from resolving the encroachments on the property. However, plaintiffs have not shown how Doms's delay made removing the encroachments any more difficult than it would have been before the sale of the property or in the event plaintiffs reacquire the property. Thus, finding 10d does not show that plaintiffs were prejudiced by Doms's delay.

### D. Findings 10e[8] and 10f[9]

■ ¶ 15 Findings 10e and 10f state that plaintiffs were prejudiced because the property suffered a fifty percent decrease in value during the time that Doms possessed it. The first time this case was appealed, we specifically rejected the argument that an increase or decrease in the value of property alone satisfies the prejudice prong of the laches defense. *See Child v. Child*, 8 Utah 2d 261, 271, 332 P.2d 981, 988 (Utah 1958) (stating "natural increment" in value of property does not, standing alone, constitute prejudice for purposes of laches doctrine); *see also West Los Angeles Inst. for Cancer Research v. Mayer*, 366 F.2d 220, 228 (9th Cir.1966) (same). Rather, a change in property value is only *one* factor a court may consider in determining prejudice for the purpose of laches. *See Lawson v. Haynes*, 170 F.2d 741, 744 (10th Cir.1948); *Filler v. Richland*, 247 Mont. 285, 806 P.2d 537, 540 (1991); *Jacobson v. Jacobson*, 557 P.2d 156, 159 (Utah 1976). Therefore, the trial court's finding that the property suffered a decrease in value does not, in and of itself, show that plaintiffs were prejudiced by Doms's delay.

### E. Finding 10g[10]

■ ¶ 16 Finding 10g states that it would be inequitable to allow Doms to rescind the contract because he "should not benefit from his poor decisions." Because this statement appears to be nothing more than a moral judgment, unsupported by any evidence or law, we cannot say that it supports the trial court's conclusion that plaintiffs were prejudiced.

### F. Finding 10h[11]

■ ¶ 17 Finding 10h, actually a legal conclusion, states that Doms may not rescind the contract because he was in default. We disagree. Although Doms failed to make payments required by the Trust Deed Note, he was excused from doing so as a result of plaintiffs' breach of the covenant against encumbrances. *See Holbrook v. Master Protection Corp.*, 883 P.2d 295, 301 (Utah Ct.App. 1994) ("The law is well settled that a material breach by one party to a contract excuses further performance by the nonbreaching party.") (citing *Saunders v. Sharp*, 840 P.2d 796, 806 (Utah Ct.App.1992)); *Wright v. Westside Nursery*, 787 P.2d 508, 516 (Utah Ct.App.1990); *Bergstrom v. Moore*, 677 P.2d 1123, 1125 (Utah 1984) ("If it plainly appears that a seller has lost or encumbered his ownership so that he will not be able to fulfill his contract, he cannot insist that a buyer continue to make payments."). Any prejudice that resulted from Doms's failure to make payments pursuant to the Trust Deed Note was precipitated by plaintiffs' breach of warranty. Because plaintiffs may not breach the contract and then claim they were prejudiced by Doms's failure to perform, this finding does not support the trial court's conclusion that plaintiffs were prejudiced.

---

8. Finding of fact 10e states: "During the time Doms, Domcoy Enterprises, Inc. and Summit County were in possession of the property, the property suffered a 50% reduction in its value."

9. Finding of fact 10f states: "Doms['s] inexperience in developing property or inability to sell the property impacted the plaintiffs greatly because of down turn in the real estate market and the increased costs to develop the property if they chose to do so."

10. Finding of fact 10g states: "Doms should not benefit from his poor decision at the expense of the plaintiffs. To allow that to happen would be inequitable."

11. Finding of fact 10h states: "Doms was in default; therefore, he could not invoke the doctrine of rescission."

¶ 18 In our previous Memorandum Decision in this case, we stated that "[i]f the trial court cannot find from the evidence presented that the appellants were prejudiced by the delay, the equitable doctrine of laches should not bar the remedy of rescission." *Anderson v. Doms*, No. 920653–CA, slip op. at 3 (Utah Ct.App. Nov. 4, 1994) (unpublished mem. decision). Having concluded the trial court's findings do not show that plaintiffs were prejudiced, we next address the remedy of rescission.

## II.  Rescission

¶ 19 The only theory plaintiffs advance on appeal to bar rescission of the contract is laches. This theory fails, however, because plaintiffs have not shown any prejudice. Therefore, Doms is entitled to rescind the contract as a remedy for breach of warranty. Indeed, this remedy is consistent with Utah case law and that of other jurisdictions. *See, e.g., Bergstrom v. Moore*, 677 P.2d 1123, 1125 (Utah 1984) (granting rescission when seller ·breached covenant against encumbrances and stating, "mere knowledge of encumbrances . . . would not be sufficient to exclude them from the operation of the statutory covenant against encumbrances") (citing *Jones v. Grow Inv. & Mortgage Co.*, 11 Utah 2d 326, 358 P.2d 909 (1961)); *Breuer–Harrison, Inc. v. Combe*, 799 P.2d 716, 725 (Utah Ct.App.1990) (affirming rescission of contract where, although buyers were aware of encumbrance on property before purchase, they did not understand the legal implications of such encumbrance until five years after purchasing the property). ·

¶ 20 On remand, the trial court should determine what is necessary to restore the parties to the status quo at the time the parties entered into the contract. *See Bergstrom*, 677 P.2d at 1125 (affirming rescission of contract and placing parties in original positions by allowing recovery of payments already made under contract). In fashioning an appropriate remedy for rescission, the rule

is equitable, and requires practicality in adjusting the rights of the parties. How this is to be accomplished, or indeed whether it can, is a matter which is within the discretion of the trial court under the facts as found to exist by the trier of fact. The trial court therefore has discretion to fashion an adequate and reasonable remedy so that an aggrieved party is adequately compensated for its loss, so long as that remedy is not duplicative.

*Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 457 (Utah 1993) (citation & emphasis omitted).

¶ 21 In this case, Doms apparently made no improvements or changes to the property such that the parties could not be returned to their respective positions prior to entering into the contract. We therefore remand this issue to the trial court for a determination and award to Doms of the net payments paid by him less rental value plus interest.[12] *See Bergstrom*, 677 P.2d at 1125.

## III.  Attorney Fees and Costs

¶ 22 Both parties appeal from the trial court's award of attorney fees and costs. Attorney fees are recoverable only if there is a statutory or contractual basis for awarding such fees. *See Foote v. Clark*, 962 P.2d 52, 54 (Utah 1998) (stating attorney fees will be awarded only when contract or statute provides basis for award). Although Doms requests fees for pursuing his rescission remedy, he cites no statute or contractual provision to justify such an award. Furthermore, because Doms has not incurred attorney fees to remove the encumbrances on the property, he is not entitled to fees and costs incurred in conjunction with breach of the covenant against encumbrances. *See Forrer v. Sather*, 595 P.2d 1306, 1308–09 (Utah 1979) (holding party may recover attorney fees in connection with breach of covenant against encumbrance only "where the plaintiff purchased or extinguished the outstanding incumbrance" but not for "fee[s] in an action against the covenantor for breach of the covenant"). We

---

**12.** Doms is entitled to a refund of monies paid as one of the original buyers of the property, and as the successor in interest to McCoy and Domcoy.

therefore do not award any attorney fees to Doms.

¶ 23 Regarding the trial court's award of fees and costs to plaintiffs, we affirm the trial court's award of fees and costs incurred in obtaining the default judgment. *See Dixonweb Printing Co. v. Photo Intercept Coupon Sys.*, 94 Civ. 7436(MBM)(RLE), 1995 WL 384415, at *6, 1995 U.S. Dist. LEXIS 8871, at *15 (S.D.N.Y. June 27, 1995) (affirming award of attorney fees and costs to plaintiffs in obtaining default judgment "whether or not defendant's conduct is willful"). However, because plaintiffs are not the prevailing party, we vacate all other awards to plaintiffs. *See Loosle v. First Fed. Sav. & Loan Ass'n*, 858 P.2d 999, 1003 (Utah 1993) (denying request for attorney fees because no basis for award in connection with quiet title action where promissory note and trust deed provided only for attorney fees incurred in foreclosure). Thus, we remand to the trial court for consideration of plaintiffs' counsel's evidence regarding reasonable fees incurred in connection with obtaining the default judgment and an appropriate award based on that evidence.

### CONCLUSION

¶ 24 The trial court's findings on remand did not adequately show that plaintiffs were prejudiced by Doms's delay in seeking rescission of the contract. Furthermore, rescission of the contract in this case is consistent with Utah case law. Accordingly, the trial court should order rescission and determine an appropriate remedy in connection with rescinding the contract. We affirm the trial court's denial of attorney fees to Doms. We also affirm the trial court's fee award to plaintiffs incurred in connection with obtaining the default judgment but vacate all other attorney fee awards to plaintiffs. Both parties shall bear their respective attorney fees incurred on appeal.

¶ 25 Reversed and remanded.

¶ 26 I CONCUR: JAMES Z. DAVIS, Judge.

¶ 27 I DISSENT: RUSSELL W. BENCH, Judge.