IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Lary W. Nicolds, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20110150-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (April 26, 2012) |
| Utah Board of Pardons and Parole, | ) | |
| | ) | 2012 UT App 123 |
| Respondent and Appellee. | ) | |

-----

Sixth District, Manti Department, 100600332
The Honorable Marvin D. Bagley

Attorneys:  Lary W. Nicolds, Gunnison, Appellant Pro Se

-----

Before Judges McHugh, Davis, and Christiansen.

¶1     Lary W. Nicolds appeals the dismissal of his petition seeking extraordinary relief under rule 65B(d) of the Utah Rules of Civil Procedure.  *See* Utah R. Civ. P. 65B(d)(2)(D) ("Appropriate relief may be granted . . . where the Board of Pardons has exceeded its jurisdiction or failed to perform an act required by constitutional or statutory law."). We reverse.

¶2     Nicolds filed a petition for extraordinary relief on October 1, 2010, challenging the actions of the Utah Board of Pardons and Parole at his original parole grant hearing, which took place on October 3, 2006.  The district court interpreted Utah Code section 78B-9-107 of the Post-Conviction Remedies Act (PCRA) "to be applicable to petitions for extraordinary relief filed by inmates."  Section 78B-9-107 requires a post-conviction relief petition to be "filed within one year after the cause of action accrued."  Utah Code Ann. § 78B-9-107 (2008).  Accordingly, the district court concluded that the petition

directed to the Board of Pardons must have been filed no later than October 3, 2007. Because Nicolds filed his petition on October 1, 2010--almost four years after the original parole decision being challenged--the district court dismissed the petition as untimely under the statute of limitations contained in the PCRA. In the alternative, the district court cited the holding of *Renn v. Board of Pardons*, 904 P.2d 677 (Utah 1995), that petitions challenging actions of the Board of Pardons "should be filed within a reasonable time after the action complained of has been done or refused" and "the equitable doctrine of laches is available to dismiss untimely writs." *Id*. at 684. The district court found that a petition for extraordinary relief filed four years afer the October 3, 2006 decision of the Board at the original parole grant hearing constituted "an unreasonable delay in which to file the petition" and therefore the petition should be dismissed as untimely under the doctrine of laches.

¶3 In *Renn*, the Utah Supreme Court stated that while petitions filed under rule 65B(d), which was formerly rule 65B(e), "should be filed within a reasonable time after the act complained of has been done or refused, there is no fixed limitation period governing the time for filing them." *Id*. Accordingly, the district court in this case erred in applying the one-year statute of limitations contained in section 78B-9-107 of the PCRA to Nicolds's petition. We therefore must consider whether the district court erred in dismissing the petition on the alternative ground of laches.

¶4 Laches is comprised of two elements: "(1) a party's lack of diligence and (2) an injury resulting from that lack of diligence." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Hon. Lindberg*, 2010 UT 51, ¶ 27, 238 P.3d 1054; *see also Borland v. Chandler*, 733 P.2d 144, 147 (Utah 1987) ("To successfully assert a laches defense, a defendant must establish both that the plaintiff unreasonably delayed in bringing an action and that the defendant was prejudiced by that delay."). The district court's ruling that the petition was barred by the common law doctrine of laches "presents mixed questions of law and fact." *Johnson v. Johnson*, 2012 UT App 22, ¶ 9, 270 P.3d 556; *see also Anderson v. Doms*, 1999 UT App 207, ¶ 8, 984 P.2d 392 (reversing application of laches where the factual findings did not show that the plaintiffs were prejudiced by the defendant's delay in pursuing his case). "We review the trial court's legal conclusions for correctness and its factual findings for clear error." *Johnson*, 2012 UT App 22, ¶ 9.

¶5 Nicolds states that he relied upon materials provided by "contract attorneys"--who are retained by the Utah Department of Corrections to assist inmates--regarding the statute of limitations applicable to his petition. He attaches as an addendum to his

brief a document captioned Instructions for Completing and Filing a Petition for Writ of Extraordinary Relief that was provided to him by the contract attorneys. Those instructions state, in part, "The Statute of limitations for filing a Petition for Extraordinary Relief (Rule 65B(d)) is four years. (Extraordinary Relief includes Board of Pardons, disciplinary challenges and conditions of confinement.)" A petition form contained in the materials provided by the contract attorneys included the statement, "This action has been filed under Rule 65B(b) or Rule 65B(d). Therefore, the four year statute of limitations set forth in UCA Sec. 78B-2-307(3) applies." Although Nicolds did not use the actual form provided by the contract attorneys, he incorporated its statements regarding the applicable statute of limitations into his petition.

¶6 Under these circumstances, the district court's factual finding that filing the petition just short of four years after the original parole grant hearing constituted unreasonable delay is clearly erroneous. Nicolds reasonably relied upon information provided by the contract attorneys as to the applicable statute of limitations. Although we resolve this case on the first element of laches, requiring a demonstration of unreasonable delay or lack of diligence, we note that the district court failed to make specific findings of fact on the second element of laches, which requires a demonstration of injury or prejudice. Accordingly, the district court erred in dismissing Nicolds's petition for extraordinary relief based upon laches.

¶7 We reverse the dismissal of Nicolds's petition for extraordinary relief and remand to the district court for a determination of the petition on its merits after appropriate service on the Board of Pardons.

_____
Carolyn B. McHugh,
Presiding Judge

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge